FILED

SOHAIL JAY HEDJAZI
9 Paine Circle
Irvine, California 92614
CELL: 949-413-0977
PLAINTIFF IN PRO-SE

2018 MAY -2 PM 3: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY \_\_\_\_\_

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

**SACV18-00770 JLS (DFMx)**

SOHAIL JAY HEDJAZI as

    Plaintiff,

    vs.

NEW PENN FINANCIAL LLC, dba
SHELLPOINT MORTGAGE
SERVICING, a Delaware Limited
Liability Company,  Zieve, Brodnax &
Steele, LLP, aka  LAW OFFICES OF
LES ZIEVE, A California Corporation,
BANK OF NEW YORK MELLON, a
New York Corporation; and DOES 1
THROUGH 20 INCLUSIVE,

    Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**VERIFIED COMPLAINT:**

1. VIOLATIONS OF THE
   EMERGENCY ECONOMIC
   STABILIZATION ACT 12§USC
   5201 et seq.
2. VIOLATIONS OF FDCPA
3. VIOLATION OF DODD-FRANK
   ACT (UDAAPs)
4. DECEIT
5. FRAUD
6. CONSTRUCTIVE FRAUD
7. DECLARATORY RELIEF [28
   U.S.C.§2201,2202]
8. NEGLIGENCE
9. VIOLATION OF 15U.S.C§1641
10. VIOLATION OF CALIFORNIA
    BUS AND PROF. CODE  SECTION
    17200 et seq.

<u>Jury Trial Demanded</u>

**COMPLAINT**

Comes, Plaintiff SOHAIL JAY HEDJAZI ("Plaintiff" hereafter "HEDJAZI"), for himself alone, complains and alleges the following against Defendants NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING, a Delaware Limited Liability Company (hereafter "NEW PENN"), Zieve, Brodnax & Steele, LLP formerly LAW OFFICES OF LES ZIEVE, A California Corporation (hereafter, "LES ZIEVE"), BANK OF NEW YORK MELLON, a New York Corporation ("hereafter, "BNYM"); and DOES 1 THROUGH 20 (collectively, "Defendants").

**INTRODUCTION**

1. This is an action for damages, violations of [Emergency Economic Stability Act of 2008], [violations of FDCPA], [violation of Dodd-Franks [(UDAAP) Unfair , Deceptive, or abusive acts practices], [recession of contract], [deceit and fraud], [Negligence], [declaratory relief], [violation of CCC§17200 Business &Professions], [Emotional distress] and Injunctive relief. Specifically, Plaintiff seeks damages arising out of Defendants NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING's , Zieve, Brodnax & Steele, LLP formerly LAW OFFICES OF LES ZIEVE, and BANK OF NEW YORK MELLON's wrongful, Fraudulent, Unfair, Deceptive, Abusive business "collection" practices.

   Furthermore, Plaintiff ("HEDJAZI") asks the court to grant him the damages that have been caused for emotional distress and hardship for having to be placed in this situation due to the actions of the Defendants NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING'S and  LAW OFFICES OF LES ZIEVE, and BANK OF NEW YORK MELLON's ongoing acts by these *designated financial agents "collectors"*. Lastly, Plaintiff ("HEDJAZI") seeks a preliminary injunction to enjoin NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING,'S and Zieve, Brodnax & Steele, LLP formerly  LAW OFFICES OF LES ZIEVE, BANK OF NEWYORK MELLON and their agents , assigns, employees, officers, attorneys, foreclosure agents, and representatives from engaging in or performing any act to deprive

"*Plaintiff*" of ownership or possession of "*Plaintiff's*" primary residence , the real property commonly known  as *9 Paine Circle, Irvine, California 92614*.

## I. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to [12 U.S.C §5201 et seq.], [CCC§2924], [CCC§17200 BUSINESS PROFESSIONS CODE],  [Title 12 U.S.C § 2605;  42 U.S.C. § 1983],  Fair Debt Collection Practices Act [15 U.S.C. § 1692-1692p & Title 8 U.S.C.§ 802 et seq.] The Defendants and each of them have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, in connection with the transactions, acts, practices and courses of business alleged in this complaint and as such Plaintiff has been aggrieved, or legally harmed by Defendants actions. The Defendants are all companies in good standing within the state of California on regular basis, and Plaintiff is, and at all relevant times were, a citizen of California.

1. This court has original jurisdiction over the parties as the matters alleged in this complaint involve a Federal question therefore creating subject -matter jurisdiction to United States Federal courts to hear a civil case because the Plaintiff has alleged violations of the United States Constitution , Federal Law, or a treaty to which the United States is a party.

3. Venue is proper as the unlawful conduct, illegal practices, deceitful acts and acts complained of  and alleged in this complaint were all committed in the Southern District of California, County of Orange and involved *real property* located in the Southern District of California, County of Orange.

4. Plaintiff is now, and at all times mentioned herein, is an individual residing in the County of Orange.  At all times relevant to this action, Plaintiff has owned real property commonly known as*9 Paine Circle, Irvine, California 92614* ("the Property").

## II. THE PARTIES

5. PLAINTIFF, SOHAIL JAY HEDJAZI ("HEDJAZI") is a natural person residing, at all times herein relevant to the complaint is the owner of the real property commonly known as ***9 Paine Circle, Irvine, California 92614*** .

6. DEFENDANT  NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING hereafter ("NEW PENN") is a Delaware Limited Liability company,  with its principle place of business in South Carolina, conducting business at all relevant times in the state of California, County of Orange, ("***Self Admitted Debt Collector***") and collector by law.

7. DEFENDANT Zieve, Brodnax & Steele, LLP  formerly LAW OFFICES OF LES ZIEVE hereafter ("LES ZIEVE") is a California corporation, with its principle place of business in Irvine, California conducting business at all relevant times in the state of California,  a ("***Self Admitted Debt Collector***") collector by law.

8.  DEFENDENT THE BANK OF NEW YORK MELLON("BNYM") is a New York corporation, with its principle place of business in New York, conducting business at all relevant times in the state of California, County of Orange. BANK OF NEW YORK MELLON hereafter ("BNYM") is also the official C***ustodian of TARP Funds*** and a third party hired by the United States Treasury and FDIC to manage the distribution of payouts to the designated financial agents ("***Collectors***") for the disposition of the real properties deeds within the United States.

9. DOES 1 THROUGH 20 INCLUSIVE, The Plaintiff does not know the true names and nature of Defendants DOES 1 THROUGH 20 INCLUSIVE, and will amend this complaint when their true identities have been ascertained according to proof at trial.

10. Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that such defendant acted individually and jointly with the other Defendant(s).

11. Any allegation about acts of any corporate or other business means that the corporation or other business did the acts alleged through officers, directors, employees, agents and

/or representatives while they were acting within the actual or ostensible scope of their authority.

12. At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or commit the acts alleged in this Complaint. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

13. At all relevant times, each defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

### III: GENERAL FACTUAL ALLEGATIONS

14. The Defendants ("NEW PENN") and ("LES ZIEVE") are in the business of collecting debts for which it "***uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."***.

15. Defendant ("NEW PENN") and ("LES ZIEVE") are "***Debt Collectors***" as defined by statue, Fair Debt Collection Practices Act ("FDCPA")[15 U.S.C § 1692a(6)] and ***not*** as [***creditor***]s. "*A "creditor" who purchased or has been assigned a debt after it was already in default will be treated as a "**debt collector**" under the Act and **is not** entitled to avail itself of the creditor exemption. Kizer v. Finance America Credit Corp., 454 F.Supp. 937 (N.D.Miss. 1978); Holmes v. Telecredit Corp., 736 F.Supp. 1289 (D.Del. 1990); Pollice v. Nat'l Tax Funding LP, 225 F3d 379, 403–404 (3d Cir. 2000); Whitaker v. Ameritech Corp., 129 F3d 952, 958–959 (7th Cir. 1997). In Commercial Service of Perry v. Fitzgerald 856 P.2d 58 (Col. App. 1993), the plaintiff brought suit on a note*

*which it had purchased from the FDIC.  In analyzing the plaintiff's status under the*

*Colorado Fair Debt Collection Practices Act C.R.S.A. §§ 12-14-101 et seq. and the*

*FDCPA the appellate court held that one who purchases a defaulted consumer note from*

*the FDIC is a **debt collector and not a creditor**.  A similar conclusion was reached in*

*Cirkot v. Diversified Financial Systems, Inc. 839 F.Supp. 941 (D.Conn 1993).*

16. Defendant ("NEW PENN") and ("LES ZIEVE") are "***Debt Collectors***" as defined by statue, Fair Debt Collection Practices Act ("FDCPA")[15 U.S.C § 1692a(6)] and ***not*** as [***creditor***]s.  Defendants continue to misrepresent their role with the actions taken through the non-judicial foreclosure for the purpose of disposition of Plaintiff title, Defendants are self admitted debt collectors and not entitled to the non-judicial process.

    (**See Exhibit -A-** for Shellpoint Mortgage Servicings' Monthly Invoice).

17. Plaintiff alleges that in this instant case Defendants are ***not creditors*** as they were assigned the alleged debt after it was in default and as a designated financial agent on behalf of FDIC. Further, Defendants have no ***pecuniary interest*** in the alleged debt and therefore they lack standing as ***creditors***,  Defendants are self admitted debt collectors. See;  SUPREME COURT OF THE UNITED STATES "HENSON ET AL. *v* SANTANDER CONSUMER USA INC."

18. Plaintiff ("HEDJAZI") alleges that Defendants ("NEW PENN") and ("LES ZIEVE") are third-party "***debt collectors***" that have no ownership interest entitling them to collect payment or to declare a default.  In an attempt to further their fraudulent scheme and create the air of propriety surrounding their debt collection efforts, Defendants have resorted to "*papering the file*" by fabricating an "***Assignment of Deed  of Trust***", employing third party individuals  as the purported "Assistant Secretary of MERS" ("Doe 1") and as the purported "Notary Public" ("Doe 2") who have no authority or personal knowledge of the facts to which they attest, and falsely representing to Plaintiff  and ***to the court*** that they have the right to take the Plaintiff ' real property away through non-judicial means. Not only is Defendants' conduct a criminal violation of California's

Mortgage Fraud Statue, Cal. Penal Code Section 532(f)(a)(4)[1], and an affront to long-standing property laws, but their reliance on fabricated and forged documents undermines the integrity of the judicial system and is in direct violation of the law.

19. Plaintiff ("HEDJAZI") alleges that Defendants have refused to respond, communicate and to provide documentations that were requested by Plaintiff ("HEDJAZI") as to verification of any contract that may exist between Defendants the "Collectors" and the Plaintiff ("HEDJAZI") that would allow Defendants to add monthly interest to the alleged debt. In addition; Plaintiff finds himself in this predicament due to the continued fraudulent, illegal, deceitful , and abusive business practices of the Defendants ("NEW PENN"), ("LES ZIEVE") and ("BNYM") and their predecessors by filing of fraudulent proof of claims with the Bankruptcy Court to show amounts due by Plaintiff on the alleged debt. Moreover; the fact that Defendants are ***collectors*** and ***NOT "creditors"*** is clearly shown and present in Plaintiff's credit report which shows no reporting of any alleged loans or amounts due by either the previous collector ("Bank of America N.A") or the current collectors Defendants ("NEW PENN"), ("LES ZIEVE") and ("BNYM"). (See Exhibit -B- Hedjazi's most current credit report )

20. Plaintiff alleges that all amounts being claimed by Defendants ("NEW PENN"), ("LES ZIEVE") and ("BNYM") as delinquent and subject to foreclosure have been discharged by Plaintiff's BK chapter 7 filing, the only remaining instrument is the Deed of Trust which is a security instrument and therefore cannot accrue interest as an interest bearing instrument. Therefore; Defendants claims as to the Plaintiff owing any money above and beyond the amounts shown on the deed of trust is incorrect and in violation of permanent injunction afforded by the BK 7 filing. Defendants ("NEW PENN"), ("LES ZIEVE") and ("BNYM") actions are in violation of the FDCPA and the California's non-judicial foreclosure statute. *See  Obduskey v. Wells Fargo, 2018 U.S. App. LEXIS 1275 (10th*

---

[1]  Cal. Penal Code section 532(f)(a)provides that "a person commits mortgage fraud if, with the intent to defraud, the person does any of the following...(4) files or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission."

*Cir., Jan. 19, 2018) "Tenth Circuit affirmed. In doing so, it held that there is a "critical difference" between a judicial foreclosure and a non-judicial foreclosure in that the non-judicial foreclosure seeks only to enforce a security interest, and the creditor in a non-judicial foreclosure must bring a separate action if it wants to collect a deficiency."* *"Adopting the rationale of the Ninth Circuit, the court took the position that the FDCPA only imposes liability when an entity is attempting to collect money. Because a non-judicial foreclosure does not preserve the right to collect a deficiency personally against the mortgagor and would require a separate action to do so,". In fact* ; In this instant case Defendants have filed a Notice of Trustee Sale that states "Estimated amount of unpaid balance and other charges: $984,086.55" that are being applied to the non-judicial foreclosure. **(See Exhibit -C- Notice of Trustee Sale filed with Orange County Recorders)** This amount is in excess and above the stated amount of the security instrument under the Deed of Trust for the amount of $650,000.00 **(See Exhibit -D- the beginning 3 pages to the Deed of Trust)** which makes Defendants collectors pursuant to FDCPA and California's non-judicial foreclosure statue. Furthermore, Defendants ("NEW PENN"), ("LES ZIEVE") and ("BNYM") are in violation of Dodd-Frank Act (UDAAP) Unfair, deceptive, or abusive acts and practices by their misrepresentation of the amount of the alleged debt, Defendants are attempting to collect $334,086.55 in interests that could not be accrued due to Plaintiff discharge of his obligations (*"the promissory NOTE"*) through his bankruptcy chapter 7. In addition, Defendants have committed fraud onto the Plaintiff and the Bankruptcy court when they reported the accrued interest in the amount of $334,086.55 in connection with the discharged debt to the United States trustee as alleged debts due by the Plaintiff and the debtor in a subsequent Bankruptcy filing. **(See Exhibit -E- BK Proof of claim on the alleged debt)**

21. Plaintiff ("HEDJAZI") having made multiple offers of resolution (**tender for amounts shown on the deed of trust**) to Defendants with no successful outcome is now left with no other option to cure his damages by filing this complaint in District Court for damages due to violation of [12USC§ 5201 et seq.], [CCC §1709& 1710&1711&1572&1573] for

fraud and deceit, violations of FDCPA, violations of Dodd-Frank Act (UDAAP) Unfair, deceptive, or abusive acts and practices, Negligence, violation of [CCC§17200], violation [15 USC section 1641] and recession of any alleged contract or affirmation fraudulently fabricated by the defendant ("NEW PENN") and ("LES ZIEVE") in order to become unjustly enriched through the disposition of Plaintiff real property, his primary residence.*(See Exhibit -F- email chain for proposed resolution.)*

22. Plaintiff ("HEDJAZI") is informed and believes and re-alleges thereon that Defendants ("NEW PENN") and ("LES ZIEVE") are third party strangers (***Debt Collectors***") to the alleged debt (*a debt that was discharged in 2008 due to the enactment of Emergency Economic Stability Act passed by the 110 congress[12 USC section 5201 et seq]and again discharged in Plaintiff' Bankruptcy Chapter 7 filing* ) and mortgage, and have no ownership interest entitling them to collect payment or to ***declare a default on amounts not secured by the Deed of Trust***. Further; Defendants ("NEW PENN") and ("LES ZIEVE") have refused to show any documents as proof to verify an agreement between Plaintiff ("HEDJAZI")  and themselves "***the collectors***" as to the terms of  any alleged agreement that would detail out the charges being added to the alleged debt in a legal and compliant manner showing the correct  ***Amounts due***, ***Amortization period*** and ***Interest charges due***, Defendants further failed to provide any disclosures as to the terms that enforce any part of an obligation which Plaintiff ("HEDJAZI") has agreed to, or signed as required by law pursuant to TILA [15 U.S.C§1601 et seq.] that would legally allow for the collector to add any charges to the alleged debt or to have any ***pecuniary right*** to the alleged debt.  Furthermore, Defendants ("NEW PENN") invoicing of unexplained amounts that are not based on any contract and lack foundation of any existing agreement between Plaintiff ("HEDJAZI") and defendant ("NEW PENN") as ("Collector") is a violation of the Dodd- Frank Act's (UDAAP) Unfair, deceptive, or abusive acts and practices.  In addition; defendant ("NEW PENN") actions are unlawful as defendant ("NEW PENN") is in the business of providing financial products or services to consumers and as such Defendants have to comply with the provisions of

Dodd-Frank Act, Defendants ("NEW PENN") and ("LES ZIEVE") are in violation of 15 USC §1692 (f) §808. (1) Unfair practices for attempting to collect amounts that are not authorized through the creation of an agreement or allowed by law. (*The attempt to collect an unauthorized fee is prohibited by this section, and not just the actual collection of such a fee. Sandlin v. Fishman, supra.*). Lastly; Defendants ("NEW PENN"), ("LES ZIEVE") and ("BANK OF NEW YORK") have filed a Notice of trustee sales on Plaintiff real property without filing the proper Notice of default and refusing to respond to Plaintiff request to show accounting of exact amounts owed for the alleged debts due and secured by the property. *Defendants are not creditors*. Defendants are *collectors* and therefore do not have the standing or present right to possession of the property claimed as collateral through an enforceable security interest [2]. The amounts shown on the Notice of Trustee Sale are not correct and thereby disputed[3] as they have been incurred due to the unlawful, and fraudulent activities of Defendants " *the collectors*" by showing alleged debts that are no longer valid or active.[4] *(See Exhibit-G- MERS statement showing Plaintiffs Deed of Trust as being inactive.)*

23. Plaintiff ("HEDJAZI") is informed and alleges that Defendants ("NEW PENN") and ("LES ZIEVE") have fabricated the "Assignment of the Deed of Trust" naming defendant ("BNYM") as the beneficiary who has given them the authority to file a Notice of Trustee Sale on behalf of the certificate holders of the alleged trust. In fact, this assignment could never be authorized by defendant ("BNYM") as the stated trust that was set up to hold and manage the alleged Certificates of Trust was terminated and closed on or about September 2009 at the onset and enactment of the Emergency Economic Stability Act by

---

[2] Plaintiff Hedjazi disputes the assignment of the purported security instrument (Deed of Trust) to Defendants ("NEW PENN") and ("LES ZIEVE") by the alleged beneficiary ("Bank of New York") as defendant (Bank of New York) never executed an agreement at the time the loan was originated and has never been a MERSCORP agent or affiliate. In fact as of the filing of this complaint Plaintiffs purported security instrument is shown as "Inactive".

[3] Plaintiff (HEDJAZI) disputes the Notice of Trustee Sale and all amounts shown on the Notice of Trustee Sale as being correct. Further; the Defendants have failed to file a compliant Notice of Default showing the alleged amount in arrearages and the mini Miranda's required as to the Defendants rights to validate their alleged debt.

[4] An oral dispute is sufficient for a consumer to invoke the provisions of this section. *Brady v. The Credit Recovery Company, 160 F.3d 64 (1st Circuit 1998).*

the 110 congress.  In addition, Plaintiff ("HEDJAZI") re-alleges that the parties that have signed and notarized the documents with the Orange County Recorder's office do not have the authority as they are not designated MERS agents in order to convey the assignment and have committed fraud onto the Plaintiff.

24. Plaintiff ("HEDJAZI") is further informed and believes and, based thereon, alleges that on or about November 9, 2015, Defendant ("NEW PENN") caused a " *Assignment of Deed of Trust*" to be recorded with Orange County Recorder's office naming defendant "LES ZIEVE" as the new trustee of the Deed of Trust ( Plaintiff specifically dispute the contents and the authenticity of this document), purportedly reflecting "NEW PENN" as being the beneficiary of the Deed of Trust .[5] In fact defendant  "NEW PENN" was not the original lender or beneficiary and therefore was never a party to the initial contract between Countrywide Home Loans and MERSCORP. Further; Countrywide Home Loans was dissolved on or about 2010 and therefore all agreements that were made between Countrywide Home Loans and MERSCORP were dissolved as well. Plaintiff re-alleges that Defendants are debt collectors conducting an illegal non-judicial foreclose for the purposes of disposition of Plaintiff' real property title in lieu of the alleged debt and in order to become unjustly enriched through earning fees that are equivalent to 40% of the amounts shown as the alleged debt owed. Defendants are debt collectors and designated financial agents for the FDIC and "Fannie Mae" attempting to collect debts through disposition of title without having the standing to do so as creditors.

25. Plaintiff ("HEDJAZI") allege that the purported transfer of the alleged debt to Defendant ("NEW PENN") by the previous servicer Bank of America N.A. never took place through a sale or purchase giving them a pecuniary interest in the alleged debt.  Plaintiff further alleges that defendant ("BNYM") is legally a collector and a third party agent acting as the custodian of TARP funds, the placing of defendant's name "BNYM" upon the assignment is to create the perception of an assignment of the deed of trust from

---

[5]  HEDJAZI disputes the validity of the assignment of the Trust Deed  recorded by "NEW PENN". HEDJAZI further disputes that "NEW PENN" acquired any legal , equitable and /or pecuniary interest in the Trust Deed or "NOTE" via the  assignment from the alleged securitized  trust . *However, under the law, they are debt collectors which the United States Supreme Court affirmed in Henson v. Santander (2107) Docket No. 16-349.*.

defendant ("BNYM") as a beneficiary to defendant ("NEW PENN") in order to attempt the illegal and fraudulent disposition of the Plaintiff property for unjust enrichment.

26. On or about May 2017 Plaintiff ("HEDJAZI") notified Defendant ("NEW PENN") that their assertion of a debt evidenced by a "NOTE" was misleading and deceptive. Plaintiff ("HEDJAZI") is informed and believes and, based thereon, alleges that Defendant ("NEW PENN") violated 15 U.S.C 1692 e § 807(2)(a)(b) with the False or Misleading Representations: "*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The terms "false, deceptive, or misleading" include expressly, but are not limited to: a (1) the character, amount, or legal status of any debt.*"

27. Plaintiff ("HEDJAZI") is informed and alleges that defendant ("NEW PENN") is in violation of the [FDCPA 15 U.S.C.§1692g(b)] for attempting to collect a debt that was disputed without providing any proof. *See FDCPA supra*: "*Disputed Debts: If the consumer notifies the debt collector in writing within the thirty day period described in 15USC§1692g(a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector may not continue attempting to collect the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*" Plaintiff notified and delivered 2 Notices of dispute and validation of debt to defendant ("NEW PENN") in 2016 and 2 more since defendant claims to have become the collector, no collateral was provided to show ownership of the alleged debt .

28. Plaintiff ("HEDJAZI") is informed and alleges that defendant ("NEW PENN") is in violation of [FDCPA 15U.S.C§1692e] by their false use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. Plaintiff alleges that "*Shellpoint Mortgage Servicing*" is not the true name of the company that is attempting to collect the alleged debts and all invoices and fees

have been charged by and all collection attempts have been made through the business that is not the legal name of the party attempting to collect the alleged debts from the Plaintiff.

29. Plaintiff ("HEDJAZI") also re-alleges that Defendants ("NEW PENN") and ("LES ZIEVE") are ***not creditors*** and they have no right for the disposition of Plaintiffs' real property by acting as ***creditors*** and by using the *non-judicial* process to enforce their claims of alleged debts that are delinquent.  Furthermore, the "NOTE" has ceased to exist since  it was discharged voluntarily by the "*Assignee"* of the debt at the time "Bank of America N.A" back in  2010. "*A "creditor" who purchased a debt after it was already in default will be treated as a "debt collector" under the Act and is not entitled to avail itself of the creditor exemption. Kizer v. Finance America Credit Corp., 454 F.Supp. 937 (N.D.Miss. 1978); Holmes v. Telecredit Corp., 736 F.Supp. 1289 (D.Del. 1990); Pollice v. Nat'l Tax Funding LP, 225 F3d 379, 403–404 (3d Cir. 2000); Whitaker v. Ameritech Corp., 129 F3d 952, 958–959 (7th Cir. 1997).  In Commercial Service of Perry v. Fitzgerald 856 P.2d 58 (Col. App. 1993), the plaintiff brought suit on a note which it had purchased from the FDIC.  In analyzing the plaintiff's status under the Colorado Fair Debt Collection Practices Act C.R.S.A. §§ 12-14-101 et seq. and the FDCPA the appellate court held that one who purchases a defaulted consumer note from the FDIC is a debt collector and not a creditor. A similar conclusion was reached in Cirkot v. Diversified Financial Systems, Inc. 839 F.Supp. 941 (D.Conn 1993).*  Further**, pursuant to a recent ruling by the United States Supreme Court which affirmed in Henson v. Santander (2107) Docket No. 16-349 Defendants are debt collectors.**

30. Plaintiff  is informed and alleges that Defendants ("NEW PENN") and ("LES ZIEVE") have demanded monies in excess of $330,000.00 above and beyond the amounts stated on the Deed of Trust which is the only amounts due, and based thereon alleges Defendants ("NEW PENN")  and "LES ZIEVE" have used Unfair Practices.  "***A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt***". The term "unfair practices" includes expressly, but is not limited to: The

*collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; The attempt to collect an unauthorized fee is prohibited by this section, and not just the actual collection of such a fee. Sandlin v. Shapiro & Fishman, [supra].*

31. Plaintiff ("HEDJAZI") also re-alleges that Defendants ("NEW PENN") and ("LES ZIEVE") are ***not creditors*** and they have no right to the ***disposition*** of a real property by acting as creditors. Pursuant to statute 15 U.S.C. §§ 1692 - 1692o *"No debt collector can take or threaten to take any nonjudicial action to effect dispossession or disablement of property if- (1) there is no present right to possession of the property claimed as collateral through an enforceable security interest". The only enforceable security instrument in existence is the "Deed of Trust" which states a set amount that can be collected and it is a lien.*

32. Plaintiff ("HEDJAZI") re-alleges that Defendants ("NEW PENN") and ("LES ZIEVE") have violated 15 U.S.C §1692 (e) with the False or Misleading Representations that there still exists an alleged debt "NOTE" and therefore that "NOTE" is still accruing interest when in fact the defendant ("NEW PENN") is/was aware that the "NOTE" was discharged in 2010 in the BK 7. *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The terms "false, deceptive, or misleading" include expressly, but are not limited to: a (1) the character, amount, or legal status of any debt."*

33. Plaintiff ("HEDJAZI") is informed and believes and, based thereon, alleges Defendants ("NEW PENN") and ("LES ZIEVE") have both violated the law by their willful deceitful and fraudulent acts in order to become unjustly enriched through the illegal disposition of HEDJAZI's real property. The law is clear that *"One who willfully deceives another with intent to induce the other to alter his or her position to his or her injury or risk is liable for any damage suffered as a result of the deceit. [Civ. Code §1709]". Actual Fraud [Civ. Code §1572]: Actual fraud consists of any acts committed by or with the*

*connivance of a party to a contract with intent to deceive another party to the contract, or to induce the other party to enter into the contract.*

34. Plaintiff ("HEDJAZI")  is informed and believes and, based thereon, alleges that Defendants "NEW PENN" and "LES ZIEVE" have both committed Actual fraud by their suggestions, 1.*"as a fact, of that which is not true, by one who does not believe it to be true;"* **with their alleged claims of the amount shown as being delinquent and the true legal status of the alleged debt.** *2.* *"the positive assertion, in any manner not warranted by the information of the person making it, of that which is not true, though the person making the assertion believes it to be true;"* **Defendants have continually ignored the requests for proof of documentation for the alleged debt and the Defendants continued submission of none relevant documentation as an attempt to deceive the plaintiff.** *3.* *"the suppression of that which is true, by one having knowledge or belief of the fact;"* **Defendants have continued to hide the facts as to the true status of the alleged debt as being discharged and in active by continued suppression of the facts.**

35. Plaintiff ("HEDJAZI") is informed and believes that Defendants "NEW PENN" and "LES ZIEVE" are hired as third party agents through the United States treasury and /or FDIC to act as designated financial agents in order to collect on alleged debts that have been assigned to them through the provisions of the "Emergency Economic Stability Act" 12 USC § 5201 et seq..  Plaintiff ("HEDJAZI") re-alleges that Defendants  "NEW PENN" and "LES ZIEVE" have violated the provisions of the unjust enrichment 12 USC § 5211 by attempting to collect alleged amounts above and beyond the amounts stated in the security instrument.  Further, defendant have refused to resolve this matter and have continued to push for the disposition of the real property known as Plaintiff primary residence in order to earn fees that are equivalent to 40% of the alleged amounts owed. Defendants are taking advantage of the Emergency Economic Stability Act by forcing the disposition of Plaintiff title.  Plaintiff shows the financial fraud as follows; if Defendants agree to resolve the matter by the stated amount shown on the Deed of Trust they will earn a set fee. If Defendants conduct the disposition of Plaintiff title they will earn 40%

of the amount they allege as being owed in lieu of the property which will provide an unjust financial enrichment (alleged debt shown in Notice of trustee sale = $984,086.55 X by fees earned for disposition of title = 40% = $393,634.62 fees earned and covered by TARP). Defendants have refused Plaintiff offers as to the tender of the amounts shown in the Deed of Trust for sole purpose of their anticipated unjust enrichment. *(See Exhibit -F- email chain for proposed resolution.)* It was the intent of the 110 congress to resolve these matters in the most expeditious manner by the resolution of the Deed of Trust and amounts stated within the security instrument, instead Defendants "NEW PENN" and "LES ZIEVE" have joined hundreds of other entities within this business sector to defraud the public and the United States Tax payers which was the exact opposite intent of the legislation passed by congress through the Emergency Economic Stability Act. Plaintiff Hedjazi is a citizen, tax payer and Plaintiff with the ownership of the property located at 9 Paine Circle , Irvine, California with the true standing to bring this law suit for damages that will happen if Defendants get their opportunity to execute their fraud.

## IV. STATEMENT OF FACTS

36. On or about May 5, 2006, Plaintiff ("HEDJAZI") executed a Note ("NOTE") and Deed of Trust ("TRUST DEED") in favor of Countrywide Home Loans in order to facilitate the refinance of his home, located at ***9 Paine Circle, Irvine, California 92614*** ("Property") for $650,000.00. Countrywide Home Loans was a mortgage broker that "***table funded***"[6] Plaintiff's loan without completing the chain of title.

37. On or about September, 2008 Plaintiff ("HEDJAZI") contacted the servicer at the time Bank of America in order to get assistance for his mortgage due to financial hardship. Plaintiff was told by a representative of Bank of America to **"STOP"** making payments which was required by the Note in order to qualify for mortgage assistance. Plaintiff

---

[6] Table funding a loan is when a mortgage broker or mortgage banker utilize a line of credit of a bank or utilize the seamless process of funding a loan through funds acquired from a third party to fund a transaction. In this case Countrywide Home Loans used funds from trusts that were formed from investors. The broker or banker does not use their funds to complete the transaction. This is critical as the chain of title is never completed at the origination of the transaction.

("HEDJAZI") **"STOPPED"** paying on his loan based on the representatives statement in order to become qualified for mortgage assistance or a "loan modification".

38.  Between the time that Plaintiff was instructed to STOP paying (2008) and the time the defendant ("NEW PENN") had become the collector (2014) Plaintiff was forced to file his Bankruptcy Chapter 7 on or about October 2009 with the United States Bankruptcy Court in order to discharge his debts which included the interest bearing Note related to his mortgage. The Plaintiff's debts were discharged on April 27, 2010.

39.  ***The Note was discharged as to Sohail Jay Hedjazi at the time of discharge.*** Plaintiff asserts that the only personal obligation rendered at the time of the loan origination was the financial instrument known as a "***Promissory Note***". Plaintiff "Hedjazi" re-asserts that the personal liability known as the Promissory Note was discharged in Plaintiff Chapter 7 bankruptcy.

40.  ***Pursuant to 11 U.S.C. §524, at the time that Sohail Jay Hedjazi was given the discharge for his debts a permanent injunction was put in place which prohibited and prohibits the collection of the NOTE and any other debts that were discharged at the time.***. As the NOTE was the only instrument which afforded the accrual and collection of interest as to the PROPERTY, ***any and all attempts by DEFENDANTS to collect on the NOTE, including accrued penalties and interest is a violation of the permanent Bankruptcy injunction***.

41.  On or about early 2014 Plaintiff HEDJAZI's alleged debt was eventually assigned to "resurgent mortgage servicing" and later the same year "resurgent" was allegedly taken over by "Shellpoint Mortgage Servicing".

42.  On or about September 2014, defendant ("NEW PENN") accepted the responsibility of collecting the alleged debt that the previous servicer Bank of America N.A. had fraudulently inflated.

43.  On or about August 2016, defendant ("NEW PENN") filed a Notice of Default alleging amounts that were due, Plaintiff ("HEDJAZI") promptly sent a Notice of Dispute and Debt Validation to defendant ("NEW PENN") in order to see accounting of the alleged

debt and documentation that would explain the inflated amounts shown on the "NOD" as being delinquent. Plaintiff has never received an answer from the so called servicer[7], however defendant ("NEW PENN") moved to file a Notice of Trustee Sale in order to force the disposition of the Plaintiff's real property.

44. On or about December 6, 2016, defendant ("NEW PENN") attempting to collect a debt under another name dba Shellpoint Mortgage Servicing in violation of FDCPA ( Fair Debt Collection Practices Act) filed an illegal Notice of Trustee sale through a non-judicial foreclosure in an attempt to dispossess the Plaintiff's real property to become unjustly enriched.

45. Plaintiff attempted to work out a loan modification with the defendant which was eventually denied on or about March 2017.

46. On or about July 10, 2017, Plaintiff ("HEDJAZI") having been left with no other option to protect his asset filed a chapter 11 bankruptcy in an attempt to work out a payment structure for the alleged debts, Plaintiff received communication from defendant ("NEW PENN") in the form of a "proof of a claim" showing the amounts due to defendant as being in excess of $300,000.00 , this was filed with the bankruptcy court in direct violation of the permanent injunction provided by the BK 7 filing in 2010. The claims filed by defendant violate [CCC§1709,1710,1711,1572,1573 Fraud and deceit], [15 USC §1692f §808 Dodd -Frank Act & FDCPA], [15 U.S.C§1601 et seq. TILA] and [CCC§17200 et seq. Business and Professions] as Plaintiff ("HEDJAZI") have never agreed to any contracts with defendant ("NEW PENN") or the collectors before them Bank of America N.A.

47. Plaintiff asserts that the amounts claimed to be owed to defendant ("NEW PENN") who is a self admitted *collector* is not valid, in fact these amounts show a clear fraud that has been committed on to the Plaintiff ("Hedjazi" ) as the claims have been recorded within the Bankruptcy documents, BK# 8:17-bk-10447-MW.

---

[7]  The term "*servicer*" does not have any legal standing, it is simply a label for a position. There are only 2 legal roles as to the collection of a debt, 1. Creditor, a party that has pecuniary interest in the debt  2. Collector, a party that is attempting to collect debts for another party and does not have a pecuniary interest in the debt.

48.  Defendants have conspired to engage in an intentional and malicious scheme to deceive not only PLAINTIFF, but all similarly situated, by recording Notices of Default (hereinafter "NOD") and Notices of Trustee Sales (hereinafter "NTS") based on amounts intentionally and maliciously inflated with penalties and interest under Promissory Notes that were not only discharged pursuant to 11 U.S.C. §727, but are prohibited for collection pursuant to 11 U.S.C. §524.

49.  Defendants are also in violation of 15 U.S.C. §1501, et seq., which strictly prohibits unjust enrichment.

50. Defendants have also conspired to engage in an intention and malicious scheme in which defendant ("NEW PENN") claims to be a "Servicer" and defendant ("LES ZIEVE") claims to be a "Trustee." *In fact, these statements are untrue and incorrect pursuant to FDCPA, and in recent rulings by the Supreme Court of the United States , Defendants are debt collectors,  which the United States Supreme Court affirmed in Henson v. Santander (2107) Docket No. 16-349.*

51. The Fair Debt Collection Practices Act (hereinafter "FDCPA") prohibits Defendants intentional, deceitful, and malicious actions to wrongfully dispossess Plaintiff Real Property to become unjustly enriched through "*Creaming the debt*".

52. Defendants have also engaged in an intentional, deceitful, and malicious scheme by utilizing the non-judicial foreclosure process to attempt the disposition of  Plaintiff Real Property. *As debt collectors, Defendants ("NEW PENN") and ("LES ZIEVE") have no legal right to utilize the nonjudicial foreclosure system*.

53. Defendants have also engaged in an intentional, deceitful and malicious scheme by violating the FDCPA by attempting to disposes Plaintiff Real Property without having a prior right of possession or a judgement.

54. Plaintiff ("HEDJAZI") *does not claim that there is no debt*. However Plaintiff ("HEDJAZI") does dispute the amounts shown as delinquent to be wrong and excessively inflated through fraudulent acts in order for Defendants to be unjustly enriched through their unlawful, abusive, and illegal acts.

55. Plaintiff ("HEDJAZI") alleges that Defendants ("NEW PENN") and ("LES ZIEVE") have failed to file the correct Notice of Default with the county recorder's office prior to their illegal filing of the Notice of Trustee Sale which is a direct violation of [CCC§2924.0 et seq.].

56. Plaintiff ("HEDJAZI") is informed and alleges that Defendants ("NEW PENN") and ("LES ZIEVE") have failed to disclose their true identity through the required Miranda's for third party debt collectors and have additionally and intentionally failed to provide the Plaintiff ("HEDJAZI") with the required debt validation disclosures 5 days from their initial invoicing of the fraudulent amounts stated in their invoice issued on or about May, 2016 and their subsequent non-compliant and fraudulent filing of the Notice of Trustee filed on August 31, 2016. Furthermore; Defendants ("NEW PENN") and ("LES ZIEVE") actions stated above are in direct violation of the [(UDAAP) provisions of the Dodd-Frank Act], [CCC§1709,1710,1711,1572,1573 Fraud and deceit], [15 USC §1692f §809 FDCPA], [15 U.S.C§1601 et seq. TILA] and [CCC§17200 et seq. Business and Professions].

57. Plaintiff ("HEDJAZI") is informed and alleges that Defendants ("NEW PENN") and ("LES ZIEVE") have and continue to ignore the Plaintiff requests for proper accounting and validation of the debt knowing that their role as a third party collector does not allow them to move forward with a non-judicial process and hence they have decided to commit their unfair, deceptive, or abusive acts and practices in order to become unjustly enriched through the illegal disposition of the real property.  In addition, defendant Bank of New York is not the true holder of any trust certificates as claimed through the assignment of trustee documents filed with the Orange County recorder's office and cannot convey any authority to third party debt collectors as all trusts that were established to manage the alleged debts and certificates have been terminated and dissolved on or about 2009.  In fact, defendant Bank of New York is the custodian of TARP funds which has been allocated to pay off the designated financial agents such as Defendants ("NEW PENN") and ("LES ZIEVE") and as the custodian has a duty to

prevent the unjust enrichment of such entities through their fraudulent actions. Further, if defendant "BNYM" complies with the abusive, illegal and fraudulent activities of Defendants ("NEW PENN") and ("LES ZIEVE") as the designated collectors, then defendant Bank of New York Mellon is also an accomplice to the wrongdoing's being committed by other Defendants. As such Plaintiff ("HEDJAZI") alleges that Defendants ("NEW PENN"), ("LES ZIEVE"),and ("BANK OF NEW YORK MELLON") are in violation of the following statues and provisions, [Emergency Economic Stability Act of 2008 12 USC§5201 et seq. ], [CCC§2924 under Mortgage], [Dodd-Frank Act (UDAAP's) Unfair, deceptive, or abusive acts and practices], [CCC§1709,1710,1711,1572,1573 Fraud and deceit], [CCC§17200 et seq. Business and Professions], [ Fair Debt Collection Practices Act 15U.S.C §§ 1692-1692p], and asks the court to grant Plaintiff ("HEDJAZI") their opportunity in court to figure out the true amounts owed per [ 28U.S.C §2201,2202 Declaratory Relief] and to allow for Plaintiff to present his claims to a jury of his peers for damages which has occurred on his creditworthiness and the emotional distress he has endured during this long drawn out fraud that has been committed by previous parties and is ongoing by the Defendants ("NEW PENN"), ("LES ZIEVE"),and ("BANK OF NEW YORK MELLON") today.

### IV.

### FIRST CAUSE OF ACTION

#### (Violations of the Emergency Economic Stability Act 2008)

#### 12 USC § 5201 et seq.

#### (Against "NEW PENN" and "LES ZIEVE" and DOES 1-10)

58. The Emergency Economic Stabilization Act of 2008 (hereinafter "EESA" authorized the Secretary of the Treasury (hereinafter "Secretary") to establish the Troubled Asset Relief Program (hereinafter "TARP") to purchase troubled assets from any financial institution, in accordance with terms, conditions, policies, and procedures the Secretary develops.

59. It directed the Secretary to establish within the Office of Domestic Finance of the Department of the Treasury an Office of Financial Stability, through which TARP would

be implemented. It authorized the Secretary to: (1) designate financial institutions as financial agents of the federal government; and (2) establish vehicles to purchase, hold, and sell troubled assets and issue obligations.

60. The EESA also directed the Secretary to prevent unjust enrichment of participating financial institutions, including any sale of a troubled asset to the Secretary at a price higher than what the seller paid to purchase the asset.

61. Plaintiff contends and alleges that in 2008, through the EESA, the Department of the Treasury discharged all the Promissory Notes for all the troubled and toxic assets. This would include Plaintiffs' Promissory Note subject to this litigation.

62. The legal effect of the actions is that the Promissory Note, which is the only document which affords the collection of interest and penalties, ceased to exist as of 2008 and again in 2010 through the Chapter 7 BK . Only the Deed of Trust survived which is only a security instrument. As the only security instrument, it does not afford for collection of monies greater than the initial amount of the Deed of Trust which is $ 650,000.00.

63. Plaintiff alleges that Defendants "NEW PENN" and "LES ZIEVE" are designated financial agents working with defendant "BNYM" as collectors in attempting to disposes the property owned by Plaintiff ("HEDJAZI") in order to become unjustly enriched through the distribution of TARP funds for their actions and in direct violation of (EESA) 12USC § 5211 et seq.

64. Plaintiff re-alleges that the amounts shown as an ongoing accrual of the debt is fraudulent and not applicable, the alleged debt (NOTE) was discharged on 2 different instances, 1. when the trusts that contained the certificates were discharged in 2009 and 2. when Plaintiff's bankruptcy filing for a chapter 7 was discharged in 2010.

65. Plaintiff alleges that defendant ("BNYM") is not the beneficiary of the alleged debts, defendant is the custodian of TARP funds that have been used to pay off the fees associated with designated financial agents for their unlawful actions in the course of the disposition of real properties that were conducted through the non-judicial foreclosure process in California.

66. Plaintiff alleges that Defendants did not and do not follow the provisions of the (EESA) which stipulated the collection process to be limited to the deeds of trust and the amounts stated within the deed.

### V.

### SECOND CAUSE OF ACTION

### (FDCPA 15 U.S.C§§ 1692-1692p Violations)

### (Against "NEW PENN" and "LES ZIEVE" and DOES 1-10)

67. HEDJAZI realleges and incorporates herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

68. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" and "LES ZIEVE" failed to communicate within 5 days of the receipt of the first invoice issued to HEDJAZI the required "Validation of Debt" notices informing the Plaintiff about his rights in connection with validation of debts under "Required Notices and Conduct" pursuant to [15USC §1692 g §809.]

69. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" failed to respond to the request for Validation of Debt from the Plaintiff HEDJAZI on 2 different occasions in 2016, first one on or about May 2016, second time July of 2016.  HEDJAZI alleges that defendant "NEW PENN" violated  [15USC §1692 g §809.b] and  [15USC  §1692 e§807.11] for false and misleading representations.

70. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" violated [15U.S.C §1692e§807.14] by using a business, company, or organization name other than the true name of the debt collector's business , company, or organization.  Defendant has attempted to disguise their collection activities by using a dba "Shellpoint Mortgage Servicing" which its primary business is not even servicing but rather collection of debts.

71. HEDJAZI is informed and believes and, based thereon, alleges that defendant "LES ZIEVE" violated [15U.S.C §1692e§807.14] by using a business, company, or organization name other than the true name of the debt collector's business , company, or

organization. Plaintiff HEDJAZI re-alleges that defendant "LES ZIEVE" has attempted to disguise his collection activities by using "the Law offices of Les Zieve" which its primary business is not to practice "LAW" but collections. HEDJAZI alleges that defendant "LES ZIEVE" has fabricated and filed robo signed documents on Plaintiff property title that are intended for the illegal disposition of HEDJAZI's real property in lieu of alleged debts that defendant "LES ZIEVE" refuses to validate.

72. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" and "LES ZIEVE" are in violation of [15U.S.C §1692e§807.2 (A)] for their false and misleading representations of the character, amount , or legal status of the alleged debt. HEDJAZI alleges that the Defendants "NEW PENN" and "LES ZIEVE" have refused to provide any accounting or verification of the amounts they are claiming as being delinquent due to the fact that the alleged debts stated in their invoice is NOT CORRECT.

73. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" violated [15U.S.C §1692(f)(1)] by including in its loan statements amounts that were added to alleged debt amount that were not authorized by law or a contract. The inflated amounts stated in the invoice have no foundation and been fabricated for the benefit of the collectors to "cream the debt" and to be unjustly enriched.

74. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" and "LES ZIEVE" have filed a Notice of Trustee Sale that is not in compliance with the law. HEDJAZI re-alleges that Defendants are third party collectors and any amounts that are being alleged as delinquent are not secured by a security instrument and Defendants do not have the present right of possession without obtaining a judgement in a court of law for the legal disposition of a real property. HEDJAZI alleges that Defendants have violated [15U.S.C §1692(f)§808.6(a)(b)].

75. HEDJAZI is informed and believes and, based thereon, alleges that defendant "NEW PENN" and "LES ZIEVE" are in violation of [15U.S.C §1692g(b)] for continuing their debt collection after the Plaintiff had disputed the debt and had requested items that were

required for validation of the alleged debt. "*Disputed Debts: If the consumer notifies the debt collector in writing within the thirty day period described in 15usc§ 1692g(a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector may not continue attempting to collect the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*"

76. HEDJAZI is informed and believes and, based thereon, asserts and alleges that Defendants "NEW PENN" and " LES ZIEVE " have violated the FDCPA by their False and misleading representations 15 U.S.C § 1692e,  Unfair practices 15 U.S.C §1692f , Harassment and abuse 15 U.S.C § 1692d, by failing to properly provide the requested items for the validation of accounting for the alleged delinquent debt stated in the "NTS", and for failing to validate the alleged debt and for failing to provide proof of *judgement* giving them the right to proceed with the disposition of the real property. Defendants "NEW PENN" and "LES ZIEVE" have deceived and committed fraud on to the Plaintiff ("HEDJAZI") for ill gotten financial gain and unjust enrichment.

77. Plaintiff ("HEDJAZI") re-alleges and incorporates herein by reference each and every allegation contained in all prior paragraphs of this Complaint.  As alleged above,  On or about August 30, 2016  "NEW PENN" and "LES ZIEVE" and ("BNYM") filed a Notice of Trustee Sale with the Orange County Recorder's office showing defendant "LES ZIEVE  as the new trustee of the Deed of Trust evoking the power of sale on behalf of defendant ("BNYM") as the certificate holder of the CHL Mortgage Pass-Through Trust 2006-HYB. HEDJAZI alleges that this act is not possible as the 2006-HYB trust has been terminated and dissolved in 2009.

78. HEDJAZI alleges that Defendants fabricated and filed forged documents in the same day with Orange County Recorder's office claiming that representing to the recorder's office that MERS as nominee for Countrywide Home Loans, has conveyed the rights

of the trustee to defendant "LES ZIEVE". HEDJAZI re-alleges that defendant "LES ZIEVE" is not a trustee contrary to the filings in the county recorder's office, defendant is a debt collector and as such cannot use the non-judicial process for the purpose of dispossessing the Plaintiff real property. The filing of 2 different assignments of trustee at the same time and filing of a notice of trustee based on the fraudulent assignments is fraudulent and deceitful. Defendants have also utilized deceit in their attempts to take wrongful disposition of [HEDJAZI]'s real property in order to be unjustly enriched.

79. HEDJAZI is informed and believes and, based thereon, asserts and alleges that Defendants "NEW PENN" and "LES ZIEVE" have violated the CCC § 1711.0 as they have continually ignored the requests for the information's needed by [HEDJAZI] to validate the alleged debt amounts stated by Defendants.

80. HEDJAZI is informed and believes and, based thereon, asserts and alleges that Defendants "NEW PENN" and "LES ZIEVE" have violated the CCC§1709,1710 and have committed deceit as to their misrepresentation of the amounts shown on the statements sent to the Plaintiff HEDJAZI. The statements show amounts that have no basis and have been added to the alleged debts to provide unjust enrichment to the Defendants "NEW PENN" and "LES ZIEVE" "collectors".

81. HEDJAZI is informed and believes and, based thereon, and re-alleges that Defendants "NEW PENN" and "LES ZIEVE" have violated the CCC§1709,1710 by their filing of the "NTS" on or about December 6, 2016 and by their refusal to validate the alleged delinquent amounts shown on the "NTS".

82. HEDJAZI is informed and believes and, based thereon, and re-alleges that Defendants "NEW PENN" and "LES ZIEVE" have violated CCC§1572.0 "Actual Fraud" with their "*suggestion, as a fact, of that which is not true, by one who does not believe it to be true; The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; Any other act fitted to deceive.*

"NEW PENN" and "LES ZIEVE" 's filing of the "NTS" and their assertion of an alleged debt based on invalidated alleged debts and inflated numbers that have never been confirmed by Defendants **_"the collectors"_**.

83. HEDJAZI is informed and believes and, based thereon, and re-alleges that Defendants "NEW PENN" and "LES ZIEVE" have violated CCC§1573.0 "Constructive Fraud" with their actions and filing of an "NTS" and their suggestion of an alleged debt stated in the "NTS" which Defendants have refused to validate and have ignored the requests of the Plaintiff as to the real status of the alleged debts.  In addition Defendants are collectors and have committed fraud by their misrepresentation of their role , using a law firm to act as a trustee, fabricating and signing and filing documents that they have no legal right to and conveying authorities which they don't have in order to become unjustly enriched through the disposition of Plaintiff real property.

84. HEDJAZI is informed and believes and, based thereon, and re-alleges that Defendants "NEW PENN" and "LES ZIEVE" [ *the collectors* ] have violated CCC§1573.0 "Constructive Fraud" with their assertion of being a [*creditor]* and misleading the Plaintiff [HEDJAZI] and the Orange County Recorder's office by their filing of an "NTS" in order to gain an advantage to conduct a non judicial foreclosure action as a [*creditor]* and beneficiary to the alleged debt. In addition defendant "BNYM" has allowed the Defendants "NEW PENN" and "LES ZIEVE" to misrepresent their standing in the non-judicial process of foreclosure all the time knowing that the Defendants "NEW PENN" and "LES ZIEVE" did not comply with the law.

## VI.

### THIRD CAUSE OF ACTION

#### ("UDAAP" Dodd-Frank Violations)

#### (Against "NEW PENN" and DOES 1-10)

85. The Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

86. It has been the intent of Congress to make sure that all transactions related to the

origination and extension of consumer credits and to avoid any Unfair, deceptive, or abusive acts and practices (UDAAPs) that can cause significant financial injury to consumers, erode consumer confidence, and undermine the financial marketplace. Under the Dodd-Frank Act, it is unlawful for any provider of consumer financial products or services or a service provider to engage in any unfair, deceptive or abusive act or practice. The Act also provides "CFPB" Consumer Financial Protection Bureau with rule-making authority and, with respect to entities within its jurisdiction, enforcement authority to prevent unfair, deceptive, or abusive acts or practices in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service.  In addition, CFPB has supervisory authority for detecting and assessing risks to consumers and to markets for consumer financial products and services.

87. Plaintiff ("HEDJAZI") is informed and alleges that defendant ("NEW PENN") is a consumer financial company that provides financial products (Mortgages) as their primary line of business.  HEDJAZI further alleges that Shellpoint Mortgage Servicing is a dba of ("NEW PENN ").

88. HEDJAZI is informed and alleges that defendant ("NEW PENN") has violated the provisions of (UDAAP) by using a name other than the true name of the company that is attempting to collect the debt in order to become unjustly enriched through their unfair, deceptive, or abusive acts.

89. HEDJAZI re-alleges that defendant ("NEW PENN") has violated the provisions of the (UDAAP) by continuing their collection efforts without responding to the Plaintiff request for proper accounting and validation of the alleged debt.

90. HEDJAZI is informed and alleges that defendant ("NEW PENN") has violated the provisions of the (UDAAP) by inflating and overstating the amount of the alleged debt in order to "cream the debt".

91. HEDJAZI re-alleges that defendant ("NEW PENN") has violated the provisions of the (UDAAP) by their filing of forged documents with the Orange County Recorder's office

in order to show an alleged transfer of interest from defendant ("NEW PENN") to the purported trustee ("LES ZIEVE").  First; based on the documents filed the alleged trustee does not have the authority needed to file a Notice of Trustee Sale as the substitution of trustee has been signed by third parties representing that they are MERS agents and alleged agents of the loan originator which is no longer in business. Secondly, the parties allegedly conveying the authority in the "Substitution of Trustee" are not the same parties allegedly conveying the authority in the Notice of Trustee Sale to the same alleged trustee defendant ("LES ZIEVE"). Thirdly, the substitution of trustee has been shown to be filed simultaneously with the "Notice of Trustee Sale" with the Orange County Recorder's office which in its self is a violation of [CCC§2923] and the representation of the Defendants as to the validity of these documents violates the  UDAAP provisions of the Dodd-Frank for it is likely to cause substantial injury to the Plaintiff ("HEDJAZI") through the illegal disposition of Plaintiff real property.

92. As a direct and proximate result of the (UDAAP's) Unfair, deceptive, or abusive acts and practices of the Defendants ("NEW PENN") and ("LES ZIEVE"), the Plaintiff ("HEDJAZI")  has suffered emotional injury and injury to Plaintiff  HEDJAZI's credit worthiness. As such the Plaintiff requests damages that will be determined at the time of the trial.

## VII.

## FOURTH CAUSE OF ACTION

### DECEIT

### (Against All Defendants)

93. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

94. Civil Code § 1709 states "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damages which he thereby suffers." A deceit is defined as either "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true; [t]he assertion, as a fact, of that which is not

true, by one who has no reasonable ground to believe it to be true; [t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, [a] promise, made without any intention of performing it." Civil Code § 1710.

95. As alleged above,  On or about November 9, 2015 NEW PENN filed an assignment of the Deed of Trust with the Orange County Recorder's office naming defendant  "LES ZIEVE" as the new trustee of the Deed of Trust representing to the recorder's office that NEW PENN is the beneficiary and *creditor* of the alleged debt through their filing of the assignment, NEW PENN and LES ZIEVE's actions as *collectors* are deceitful by their wrongful representation of being the beneficiary (*creditor*) and having the authority to assign the Deed of Trust to LES ZIEVE. Defendants have continued to provide information to Plaintiff to mislead Plaintiff  that the Defendants have the right to foreclose on the Subject Property and were due principal and interest payments on the Note. Defendants did this by filing a notice of default, notice of trustee's sale, reinstatement quotes, and monthly mortgage statements provided to Plaintiff.

96. "NEW PENN" and "LES ZIEVE" were aware the debt had been discharged by the assigned beneficiary BANA (Bank of America N.A). NEW PENN and LES ZIEVE are in the know as to their true status as *collectors and not creditors*. NEW PENN and LES ZIEVE directly state that they are debt collectors in their correspondence and their phone system. Despite of knowing of the above facts, Defendants proceeded with attempting to conduct a non-judicial foreclosure even though they did not have authority to do so.

97. Plaintiff is informed and believes and, based thereon, asserts and alleges that Defendants have also committed deceit as to their misrepresentation of the alleged debt being valid and bearing interest by their filing of the "NOD" on or about August 8, 2016 and by failing to provide any proof as to the alleged delinquent debts shown on the "NOD" as being valid. In addition, by filing a Notice of Trustee's Sale. Further by sending reinstatement quotes and monthly statements to Plaintiff.

98. This deceit by the Defendants is also evidenced by their subsequent failure to validate the alleged delinquent amounts shown on the "NOD" with their refusal to submit any evidence as to the validation of the debt.

99. Plaintiff alleges that Defendants actions have caused damages to Plaintiff's credit standing and Title, the Defendants have also utilized deceit in their attempts to take wrongful disposition of Plaintiff's real property in order to be unjustly enriched.

100. Plaintiff is informed and believes and, based thereon, asserts and alleges that Defendants have violated the Civil Code § 1711 as they have continually ignored the requests for the information needed by the Plaintiff and the Defendants have continually committed this violation against  class of people that are the owners of real property located in the United States.

## VIII.

## FIFTH CAUSE OF ACTION

### FRAUD

### (Against NEW PENN)

101. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

102. Civil Code § 1572 states "[a]ctual fraud, ...consists of in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; a promise made without any intention of performing it; or Any other act fitted to deceive.

103. Defendant made false statements. Defendant has sent to Plaintiff monthly invoices regarding the loan on the property. Defendant has continued to increase the amount owed regarding the loan. Defendant has caused a NOD and NOTS to be recorded against the

Subject Property. Defendant has acted as if it has authority to foreclose on the Subject Property.

104. Defendant is not the servicer of the above mentioned loan. Defendant is a debt collector. Defendant received this debt when Plaintiff were already in default on the loan and more importantly after the beneficiary had voluntarily discharged the Note. Defendant states on written communications and on its telephone that it is a debt collector. Defendant wants to comply with some laws for a debt collector but not all of them. Defendant is a debt collector and needs to comply with all the debt collecting laws. Defendant is not a creditor as it wants Plaintiff to believe. Defendant is aware of the promissory note and the terms within it.

105. Defendant wants Plaintiff to rely on the fact that it is has the power to conduct a non-judicial foreclosure of the Subject Property. In addition, Defendant wants Plaintiff to believe that Defendant is not a true debt collector to create more freedom in how it handles the alleged debt. It allows the Defendant to continue to increase the debt on a monthly basis. Defendant can use non-judicial foreclosure instead of judicial foreclosure. A reasonable person that receives a monthly statement with a substantial increase from a business named "Mortgage Servicing" would reasonable believe for the increase to be valid.

106. Due to Defendants' actions Plaintiff has been damaged Plaintiff with lowered credit scores, added foreclosure costs, credit damage, and costs of court fees and representation to right this wrong. Defendants' initiation of foreclosure proceedings constitute lost property interest to Plaintiff. Plaintiff default amount has increased substantially making it harder for Plaintiff to reinstate the loan, sale the property, or loan modification.

107. NEW PENN filing of the "NOD" and their assertion of an alleged debt. Plaintiff alleged debt was discharged through his bankruptcy filed on April 27, 2010 ; and further efforts on behalf of Defendants to mislead and deny Plaintiff the proper disclosure of the facts related to true status of the alleged debt NOTE.

108. Defendant NEW PENN (*the collectors*) assertion of being a *creditor* and misleading the Plaintiff and the Orange County Recorder's office by their filing of an "NOD" in order to gain an advantage to conduct a non-judicial foreclosure action as a *creditor* and beneficiary to the alleged debt.

109. NEW PENN'S actions in their conflicting responses to the Plaintiff and the Defendant's continued claim as to the status of the alleged debt as being valid is and was done to gain an advantage over Plaintiff and the mandated process required by law to conduct their collections. Defendants do not have the standing to act as a creditor. Defendants have misled the Plaintiff as to their true role in order to gain advantage for the disposition of the real property and its illegal efforts for financial gain.

110. Plaintiff alleges that Defendants actions has caused damages to Plaintiff's credit standing and Title, the Defendants have also utilized deceit in their attempts to take wrongful disposition of Plaintiff's real property in order to be unjustly enriched.

## IX.

## SIXTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

### (Against All Defendants)

111. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

112. Plaintiff is informed and believes and, based thereon, and re-alleges that Defendants with their actions and filing of an "NOD" and their suggestion of an alleged debt stated in the "NOD" (debt was discharged in April 27, 2010) for the purpose of creating the perception of a compliant "NOD" and subsequent "NTS" Notice of Trustee Sale to enable NEW PENN and LES ZIEVE to conduct a non judicial foreclosure for the purpose of dispossessing the real property owned by Plaintiff in order to collect on TARP funds and becoming unjustly enriched.

113. Defendants NEW PENN and LES ZIEVE with their assertion of being a *creditor* and misleading the Plaintiff and the Orange County Recorder's office by their filing of an

"NOD" in order to gain an advantage to conduct a non judicial foreclosure action as a *creditor* and beneficiary to the alleged debt.

114. NEW PENN and LES ZIEVE actions in their conflicting responses to the Plaintiff and the Defendants continued claim as to the status of the alleged debt as being valid is and was done to gain an advantage over Plaintiff and the mandated process required by law to conduct their collections. Defendants do not have the standing to act as a creditor. Defendants misled the plaintiff as to their true role in order to gain advantage for the disposition of the real property and their illegal efforts for financial gain.

115. Plaintiff alleges that Defendants actions has caused damages to Plaintiff's credit standing and Title, the Defendants have also utilized deceit in their attempts to take wrongful disposition of Plaintiff's real property in order to be unjustly enriched.

## X.

### SEVENTH CAUSE OF ACTION

### [ACTION-DECLARATORY 28 U.S.C.§§ 2201,2202]

### [Against All Defendants and Doe Defendants]

116. The Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

117. Section 2201(a) of Title 28 of the United States Code states:

*"In case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an anti dumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether, or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."* Section 2202 of Title 28 of the United States Code

states: *"Further necessary or proper relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.*

118. HEDJAZI re-alleges that neither "NEW PENN" and "LES ZIEVE" have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignments have no value since the Deed of Trust is wholly unsecured.

119. On or about May 5, 2006, the Defendants "NEW PENN" and "LES ZIEVE" claim they had secured enforceable interest in, and perfected lien against, the Plaintiff's Note and deed of Trust or Property. This claim is not possible as Defendants "NEW PENN" and "LES ZIEVE" are "*debt collectors*".

120. HEDJAZI is informed and believes and, based thereon, and re-alleges that Defendants "NEW PENN" and "LES ZIEVE" have no secured and enforceable interest in HEDJAZI Deed of Trust. Thus, the competing allegations made by HEDJAZI, above, establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Property.

121. Accordingly, Plaintiff (HEDJAZI) requests that the Court make a finding and issues appropriate orders stating that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiff' Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiff's mortgage payments or enforce the terms of the alleged Note or Deed of Trust in any manner whatsoever.

122. The plaintiff [ HEDJAZI] will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) Plaintiff will be denied the opportunity to identify their true and current creditor/lender and to negotiate with them; (2) They will be denied the right to conduct discovery and have "NEW PENN" and "LES ZIEVE " and other Defendants' claims verified by a custodian of records who has personal knowledge of the loan and all transactions related to it; and (3) they will be denied the opportunity to discover the true amount they still owe minus any legal costs, fees and charges.

123. Due to the actual case and controversy regarding competing claims and the allegations, it is necessary that the court declare the actual rights and obligations of the parties and make a determination as to whether "NEW PENN" and " LES ZIEVE " claims against the Plaintiff ("HEDJAZI") are enforceable and whether it is secured or unsecured by any right, title, or interest in Plaintiff real property.

124. Furthermore, the conduct of  "NEW PENN" and "LES ZIEVE"  as their agent, and one or more of the Doe Defendants, and each them, as herein described, have been so malicious and contemptible that it would be looked down upon and despised by ordinary people.  Plaintiff ("HEDJAZI") is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

## XI.

## EIGHT CAUSE OF ACTION

## NEGLIGENCE

### [Against All Defendants and Doe Defendants]

125. The Plaintiff [HEDJAZI] hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

126. An action of negligence requires "(a) a legal duty to use due care; (b) a breach   of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.

127. At all times relevant herein, "NEW PENN" and "LES ZIEVE", was acting as a purported agent for parties unknown at this time.  Defendants are jointly and severally liable for "NEW PENN" and "LES ZIEVE "negligent and reckless conduct.

128. "NEW PENN" and "LES ZIEVE " have a duty to exercise reasonable care and   skill to refrain from taking any action against HEDJAZI that they do not have the legal authority to do.  As a direct and proximate result of the reckless negligence, utter carelessness, and blatant fraud of the Defendants as set forth above, the chain of title to Plaintiff' Property

has been rendered unmarketable and fatally defective and has caused Plaintiff to lose saleable title to the subject property.

129. "NEW PENN" and "LES ZIEVE" breached its duty when they failed to follow the guidelines established by the filing of the "NTS" that Defendants knew was defective and not in compliance with law for the purpose of dispossessing [HEDJAZI]'s real property.

130. As a direct and proximate result of the negligence and carelessness of the defendant s as set forth above, Plaintiff [HEDJAZI] has suffered, and continues to suffer, general and special damages in an amount to be determined at trail, including attorneys' fees and costs of bringing suit to dispute, validate, and challenge said defendant s' purported rights to enforce the Plaintiff' alleged debt obligation against them.

## XII.

## NINTH CAUSE OF ACTION

## (VIOLATION OF 15 U.S.C. §§ 1641)

### [Against All Defendants and Doe Defendants]

131. Plaintiff hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

132. It has been the intent of Congress to make sure that all transactions related to the origination and extension of consumer credits to be in compliance with full disclosure of the facts related to the transaction.

133. HEDJAZI is informed and alleges that defendant "NEW PENN" and "LES ZIEVE" and one or more Doe Defendants have failed to make the correct and proper disclosures as set forth in this title under the required timelines.

134. The defendant "NEW PENN" entered the picture of this transaction on or about September , 2014 at which time they were required to make the appropriate disclosures as to the role of the alleged Servicer, Assignee, or the owner of the alleged debt.

135. HEDJAZI also alleges that the Servicer and the Assignee of the debt cannot be  the same party pursuant to this title. In fact "NEW PENN" and " LES ZIEVE " are considered to be [*collectors*] by law.

136. HEDJAZI alleges that the defendant "NEW PENN" and " LES ZIEVE " have   failed to file the proper disclosures under 15 U.S.C. § 1641(g).

137. HEDJAZI alleges that the Defendants "NEW PENN" and " LES ZIEVE "lack  of disclosure was due to their lack of standing as a true assignee of the alleged debt; as such the defendant  lacks the authority or the legal right to ask for the Plaintiff's payments.  In light of the Defendants constant role switching and misrepresentation  HEDJAZI now re-alleges that the Defendants "NEW PENN" and " LES ZIEVE " are designated financial agents [*collectors*]  hired to collect on behalf of parties unknown; the Defendants "NEW PENN" and " LES ZIEVE " owe a duty of care under 15 U.S.C § 1641        to properly disclose their standing and role to the Plaintiff ("HEDJAZI") in order for the Plaintiff to properly identify the parties that are owed.  The intent for the disclosure laws are for the parties to operate in an environment of fairness and equitability for all parties.  The actions of the Defendants cause chaos, confusion, anxiety, and litigation. HEDJAZI alleges that the actions of the defendant s are conducted in such a manner as to bring unjust enrichment and profits through acts of fraud and deceit.

138. The Defendants actions from the first contact to the filing of this complaint have been done under a veil of mystery which has been designed to hide the facts and to deceive the Plaintiff.  The actions of the Defendants are unlawful as they are bound by duties set forth to conduct themselves according to the law.  In this case it means that the collectors can only declare the alleged debt delinquent through a judicial action and a judgement from the court.

## XIII.

## TENTH CAUSE OF ACTION

## (VIOLATION OF  BUS. AND PROF. CODE SECTION 17200 et seq.)

### [Against All Defendants and Doe Defendants]

139.  HEDJAZI hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

140. Defendant s' conduct for the reasons stated herein is in direct violation of Cal. Penal Code section 532(f) (a) (4).

141. Cal. Bus and Prof. Code section 17200, et seq., prohibits acts of Unfair   completion, which means and includes any unlawful, unfair, or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature.

142. As more fully described above, defendant s' acts and practices are unlawful, unfair, and fraudulent. This conduct is ongoing and continues to this date.

143. Defendants engage in unfair, unlawful[8], and fraudulent business practices with  respect to mortgage loan servicing, and related matters by, among other things:

    a)  executing and recording false and misleading documents[9];

    b)  executing and recording documents without the legal authority to do so;

    c)  Using other corporate names and individuals to commit fraud

    d)  Using individuals to file and record paperwork that is fraudulent

    e)  failing to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code section 1095;

    f)  demanding and accepting payments for debts that were non-existent;

    g)  violating the Security First Rule;

    h)  Entering into contracts that they know is set up to fail

    i)  Collection and intentional misallocation of funds

---

[8] "Unlawful" acts or practices are those forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, or court-made. *Sanders v. Superior court*, 27 Cal.4th 832(1994); *Hewlett v. Squaw Valley*, 54 Cal.4th 499(1997).

[9] Defendant s' recording of the Assignment of Deed of Trust violates Cal. Penal Code section 532 (f)(a)(4), which prohibits any person from filing a document related to a mortgage loan transaction with the county recorder's office which that person knows to contain a deliberate misstatement, misrepresentation, or omission. The facts demonstrate that Defendant s have committed mortgage fraud by filing the Assignment of Deed of Trust with the county recorder's office with the knowledge that the document contained a deliberate misstatement, misrepresentation, or omission of fact.

j)  Disclosing themselves as multiple parties that claim to have pecuniary rights and legal rights to the Property

k)  reporting payments as late to credit bureaus without the legal right or authority to do so;

l)  Failing to file the required disclosures under federal law

m)  Failing to answer the inquires of the Plaintiff as afforded by law

n)  acting as beneficiary without the legal authority to do so, and;

o)  Other deceptive business practices as described herein.

101.   As more fully described above, Defendants' acts and practices are likely to deceive members of the public.

144. HEDJAZI alleges that by engaging in the above described acts and/or practices as alleged herein; Defendants violate several laws including Cal Bus. And Prof. Code section 17200, et seq. and must be required to disgorge all profits related to their  unfair, unlawful, and deceptive business practices.

145.  HEDJAZI alleges that defendant s' misconduct, as alleged herein, gave defendant s an unfair competitive advantage over competitors. The scheme implemented by defendant s is designed to defraud California consumers and enrich the Defendants.

146. The foregoing acts and practices have caused substantial harm to California consumers, including Plaintiff.

147. By reason of the foregoing, defendant s have been unjustly enriched and should be required to make restitution to Plaintiff ("HEDJAZI") and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. and Prof. Code sections 17203 and 17204.

148. As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiff ("HEDJAZI") has been injured in that his credit worthiness continues to be damaged by Defendants intentional and fraudulent acts and a cloud has been placed upon title to plaintiff's property and Defendants "NEW PENN" and " LES ZIEVE " have failed to remove this cloud from plaintiff's title.

149. Plaintiff ("HEDJAZI") is entitled to an order compelling "NEW PENN" and "LES ZIEVE "and any other Doe Defendants claiming an interest in and to the "***Property***" to take any and all actions necessary to remove the cloud they have placed upon his title   and an order enjoining such Defendant s from taking such action again in the future.

150. Plaintiff ("HEDJAZI") is entitled to an order compelling ., "NEW PENN" and " LES ZIEVE " and any other Doe defendant s claiming an interest in and to the "***Property***" to take any and all actions necessary to CANCEL and remove the non-compliant "NTS" from the plaintiff's public records in order to stop the damage done by their illegal filing of the "NTS".

DATE:  April 30, 2018

BY: _____

SOHAIL JAY HEDJAZI

PLAINTIFF IN PRO-SE

## WHEREFORE, PLAINTIFF'S PRAYERS ARE AS FOLLOWS

1. For compensatory, special and general damages in an amount according to proof at trail, but not less than $ 650,000.00 against all Defendants for their unlawful and fraudulent actions;

2. For punitive and exemplary damages in an amount to be determined by the Court against all Defendants;

3. For an order compelling Defendants to remove any instrument which does or could be construed as constituting a cloud upon Plaintiff's title to the "***Property***", including the purported "NOD", "NTS" and "Assignment of Deed of Trust"

4. For an order finding that Defendants have no legally cognizable rights as to Plaintiff', the Property, discharged Promissory Note and Plaintiff's Deed of Trust or any other matter based on contract or any of the documents prepared by Defendants, tendered to and executed by Plaintiff;

5. For the Court to issue an order restraining Defendants, their agents or employees from continuing or initiating any action against the Property and enjoining defendant s, their agents or employees from doing so during the pendency of this matter;

6. For an order compelling Defendants to disgorge all amounts wrongfully taken by them from plaintiff and returning the same to Plaintiff' interest thereon at the statutory rate from the date the funds were first received from Plaintiff;

7. For an order compelling defendant s to "***Cancel***" any ongoing foreclosure proceeding and to remove the Property from any foreclosure database.

8. For the Defendants to remove all derogatory items reported on the plaintiff [ HEDJAZI]'s credit reports

9. For costs of suit incurred herein;

10. For reasonable attorneys' fees incurred; and

11. For such other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff  __Sohail Jay Hedjazi__  ; hereby requests a jury trial on all issues raised in this complaint under the Seventh Amendment to the U.S Constitution in accordance with "Federal Rule of Civil Procedure 38".


Dated: April 30, 2018


BY: _____

SOHAIL JAY HEDJAZI,

PLAINTIFF IN PRO-SE

## AFFIDAVIT AND VERIFICATION
### (Civ. Proc. Code § 2015.5)

I, SOHAIL JAY HEDJAZI , Plaintiff bring this lawsuit against NEW PENN

FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING, a Delaware Limited

Liability Company (hereafter "NEW PENN"), Zieve, Brodnax & Steele, LLP  formerly LAW

OFFICES OF LES ZIEVE, A California Corporation (hereafter, "LES ZIEVE"), BANK OF

NEW YORK MELLON, a New York Corporation ("hereafter, "BNYM"); and DOES 1 - 10,

inclusive, Defendants.

I have read the foregoing Complaint and know the contents thereof. I certify that the

same is true to the best of my knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances. This lawsuit is not being presented primarily for an

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation.

The claims, defenses, and other legal contentions therein are warranted by existing law

or by a non-frivolous argument for the extension, modification, or reversal of existing law or the

establishment of new law.

The allegations and other factual contentions have evidentiary support or, if specifically

so identified, are likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery. The denials of factual contentions are warranted on the evidence or,

if specifically so identified, are reasonably based on a lack of information or belief.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.


DATED:  April 30, 2018                    BY: _____

                                         SOHAIL JAY HEDJAZI
                                         PLAINTIFF IN PRO SE

# EXHIBIT -A-

## CASE NO:

## Shellpoint Mortgage Servicings' Monthly Invoice



# Shellpoint
### Mortgage Servicing

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

5-811-03480-0000929-001-1-000-010-000-000



SOHAIL JAY HEDJAZI
DIANE DOROST HEDJAZI
9 PAINE CIR
IRVINE CA 92614-6651

# MORTGAGE STATEMENT
Statement Date: 03/17/2018

| Account Number | 0515397201 |
|---|---|
| Next Due Date | 04/01/2018 |
| **Reinstatement Amount** | **$554,804.51** |
| **Accelerated Amount** | **$982,718.92** |

| Phone: | 866-316-4706 |
|---|---|
| Website: | www.shellpointmtg.com |

## Explanation of Amount Due

**Accelerated Amount** $982,718.92
The loan is in default for failure to pay amounts due and the sums evidenced by the Note and security instruments are now due and payable in full. As of this date of this letter, this is the amount that is now due in full. Please note that this is not a payoff statement and the amounts due may change due to outstanding or unrealized costs or fees. Contact Shellpoint Mortgage Servicing for a payoff or reinstatement amount.

**Reinstatement Amount** $554,804.51
As of the date of this letter, Shellpoint Mortgage Servicing is willing to accept this amount to reinstate your loan. Please note that the amounts due may change due to outstanding or unrealized costs or fees. Contact Shellpoint Mortgage Servicing for an accurate reinstatement amount.

## Account Information

| | |
|---|---|
| Outstanding Principal | $650,000.00 |
| Interest Rate (until 06/01/2018) | 4.0000% |
| Prepayment Penalty | None |
| Property Address: | 9 PAINE CIRCLE |
| | IRVINE CA 92614 |
| Contractual Due Date: | May 1, 2008 |
| Current Escrow Balance: | -$55,720.17 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (02/14/2018 - 03/16/2018)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 03/14/2018 | County Tax Bill 2 | $2,120.81 | $0.00 |
| 03/15/2018 | Property Inspection Disbursement | $13.00 | $0.00 |

## Important Messages

**\*Partial Payments:** Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

## Additional Messages

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 866-316-4706.

Repayment options may be available to you. **Call 866-316-4706** to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

## \*\*Delinquency Notice\*\*

**You are late on your loan payments and the foreclosure process has been initiated.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 03/17/2018, you are 3,607 days delinquent on your mortgage loan.

**Recent Account History**
o Payment due 10/01/17: unpaid balance of $531,922.47
o Payment due 11/01/17: unpaid balance of $3,803.40
o Payment due 12/01/17: unpaid balance of $3,803.40
o Payment due 01/01/18: unpaid balance of $3,818.81
o Payment due 02/01/18: unpaid balance of $3,818.81
o Payment due 03/01/18: unpaid balance of $3,818.81
o Payment due 04/01/18: current payment due
o **Total: $554,804.51 due. You must pay this amount to bring your loan current.**

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

**Important Notice:** Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Amount Due on Accounts in Foreclosure or Bankruptcy:** *If your account is in foreclosure or bankruptcy the amount listed as the Amount Due may not be the full amount necessary to bring your account current. To obtain up-to-date amount due information, please contact us at the number listed on the statement.*

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address:

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

For budget advice and credit counseling assistance please call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Amounts paid in excess of your payment amount will first be used to satisfy any delinquency. If there are no past due amounts then excess funds paid will be posted to your principal balance. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Shellpoint Mortgage Servicing may assess a returned check fee consistent with the laws for your state and your loan documents on all checks returned by your financial institution. Additionally, Shellpoint may charge a fee for processing payoff requests.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número 866-316-4706.



**Shellpoint**

Mortgage Servicing

P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED

**Phone Number:** 866-825-2174
**Fax:** 866-467-1187
**Email:** Lossmitigation@shellpointmtg.com
**Mon - Thurs:** 8:00AM-6:00PM
**Fri:** 8:00AM-5:00PM

S-SFRECS20 L-1031 R-106
P7SO8000200138 - 535627911 I02684
SOHAIL JAY HEDJAZI
DIANE DOROST HEDJAZI
C/O PRO SE
9 PANE CIRCLE
IRVINE CA 92614-6651

| Loan Number: | 0515397201 |
|---|---|
| Principal Balance: | $650,000.00 |
| Property: | 9 Paine Circle |
| | Irvine, CA 92614 |

01/03/2018

Dear Borrowers,

We understand that financial circumstances may change from time to time, affecting your ability to meet your obligations. We're concerned about your recently missed mortgage payment(s) and want to offer our assistance in case you are unable to catch up.

This is a legally required notice. We are sending this notice to you because you are behind on your mortgage payment(s). We want to notify you of possible ways to avoid losing your home. We have a right to invoke foreclosure based on the terms of your mortgage contract. Please read this letter carefully.

**Important note:** We have assigned a Single Point of Contact (SPOC) to assist you through the Loss Mitigation process concerning your mortgage loan. We will perform an evaluation of your financial condition and determine your qualifications for all alternatives that may be applicable for this account. Should you have any questions, you may contact Shelby Saunders directly at 877-414-1901 ext. 4359 Monday through Thursday between the hours of 8:00AM-6:00PM and Friday between the hours of 8:00AM-5:00PM,  Eastern Standard Time.

We have informed credit bureaus about a late payment, missed payment or other default on your account. This information may be reflected in your credit report.

---

### We Are Here to Help - Call Us at 866-825-2174
Let us work with you to understand the issues affecting your mortgage payments. We'll explore what assistance may be available to you and discuss the forms and documentation needed to determine if you qualify for an option to avoid foreclosure.

---

## Options May Be Available
The right option for you depends on your individual circumstances. When you provide the required information and documentation about your situation, we can determine if you qualify for temporary or long-term relief, including mortgage options that may allow you to stay in your home or leave your home while avoiding foreclosure.  Review the **Information on Avoiding Foreclosure** page for an overview of these options.

**Act now and call us at 866-825-2174.  The sooner you respond, the quicker we can determine whether you qualify for an option to avoid foreclosure.**

## Getting Started
Remember, you need to take action by calling us at 866-825-2174 right away or get started by completing and returning the attached Uniform Borrower Assistance Form along with other required documents by 2/2/2018. Please note that packages received within 37 days of a foreclosure sale may not be evaluated.

---

### Additional Resources
**For additional information about preventing foreclosure, avoiding fraud scams, and accessing approved counseling at no cost to you**

- Visit Shellpoint's web site at www.shellpointmtg.com.
- Contact HUD-approved counselors who are available to provide you with the information and assistance you may need to avoid foreclosure. You can use the search tool at http://www.hud.gov/offices/hsg/sfh/hcc/fc/ to find a counselor near you or by calling 1(888)995-HOPE (4673).

---

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**



The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Federal Trade Commission, Equal Credit Opportunity, 600 Pennsylvania Avenue, NW, Washington, DC 20580.

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource (800-342-9647) and the United States Armed Forces Legal Assistance or other similar agencies. For more information, please visit the Military OneSource website www.militaryonesource.mil/.

**Notice of Error or Information Request Address:** You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address: Shellpoint Mortgage Servicing P.O. Box 10826 Greenville, SC 29603-0826

The following is a Spanish translation of the information provided above.

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

Esto es un intento de cobrar una deuda y cualquier información obtenida se utilizará para ello. Esta comunicación es de un cobrador de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una descarga de bancarrota de la deuda: tenga en cuenta que este aviso es para informarle de la situación de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ninguno de los destinatarios de la presente notificación. que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automática en virtud de Sección 362 del Código de Bancarrota de los Estados Unidos. No obstante, puede ser una notificación de una posible aplicación de gravamen sobre la propiedad como garantía, que aún no ha sido descargada en su proceso de bancarrota.

**Atención Miembros del Servicio Militar y Dependientes:** Ley de Amparo Civil para miembros del servicio militar y ciertas leyes estatales proporcionan protecciones importantes para usted, incluyendo protecciones de tasas de interés y prohibiendo la ejecución hipotecaria bajo la mayoría de las circunstancias durante y doce meses después del miembro del servicio militar u otro servicio. Asesoramiento para militares con cobertura está disponible de Military OneSource (800-342-9647) y la Asistencia Legal de las Fuerzas Armadas de Estados Unidos o de otras agencias similares. Para más información por favor visite el sitio web de Military OneSource www.militaryonesource.mil/.

**Aviso de Error o la Dirección de Petición de Información** Usted tiene ciertos derechos en virtud de la ley federal relacionados con la resolución de errores en el servicio de su préstamo y la solicitud de información sobre su préstamo. Si desea solicitar información sobre su préstamo o si usted cree que un error ha ocurrido en el servicio de su préstamo y desea presentar una resolución de errores o solicitud de información, por favor escríbanos a la siguiente dirección: Shellpoint Mortgage Servicing P.O. Box 10826 Greenville, SC 29603-0826

The following is a Chinese translation of the information provided above.

请阅读以下重要通知，因为它们可能会影响您的权利。

这是试图进行收债的一种尝试，所获取的任何信息均会用于收债目的。此信函由收债人发出。

如果您是破产客户，或是获得本债务破产免责的客户：请注意，本通知旨在告知您抵押贷款的状态。本通知不构成对此文件的任何接受者，即根据适用的破产法而获得此类债务的免责之人，或可能遭受《美国破产法典》第362章节的自动冻结之人的付款要求或个人责任通知。但是，此通知可能会执行针对抵押财产的留置权，该权利尚未被您的破产所免除。

**各服役人员及其家属，请注意：** 联邦《服役人员民事救助法案》及某些州法律会为您提供重要保护，包括在服役人员服役期或其他服务期之内以及十二个月之后在多数情况下的利率保护和禁止丧失抵押品赎回权。Military OneSource (800-342-9647) 和美国武装部队法律援助部门 (United States Armed Forces Legal Assistance) 或其他类似机构会为接受医疗服务的服役人员提供咨询服务。如需更多信息，请访问 Military OneSource 网站：**www.militaryonesource.mil/**。

# EXHIBIT -B-

# CASE NO:

## Hedjazi's most current credit report indicating no mortgage creditor on file

**Checking Your Credit Report**

| | |
|---|---|
| **What if there are mistakes in your credit report?** | You have a right to dispute any inaccurate information in your credit report. If you find mistakes on your credit report, contact the consumer reporting agency. |

It is a good idea to check your credit report to make sure the information it contains is accurate.

| TRANSUNION | EQUIFAX | EXPERIAN |
|---|---|---|
| PO BOX 2000 | PO BOX 740241 | PO BOX 2002 |
| CHESTER, PA 19016 | ATLANTA, GA 30374 | ALLEN, TX 75013 |
| 800-888-4213 | 800-685-1111 | 888-397-3742 |

**How can you obtain a copy of your credit report?**

Under federal law, you have the right to obtain a free copy of your credit report from each of the nationwide consumer reporting agencies once a year.

To order your free annual credit report:

| | |
|---|---|
| *By telephone:* | Call toll-free: 1-877-322-8228 |
| *On the web:* | Visit www.annualcreditreport.com |
| *By mail:* | Mail your completed Annual Credit Report Request Form (which you can obtain from the Federal Trade Commission's web site at http://www.ftc.gov/bcp/conline/include/requestformfinal.pdf) to: |

Annual Credit Report Request Service
P.O. Box 105281
Atlanta, GA 30348-5281

**How can you get more information?**

For more information about credit reports and your rights under Federal law, visit the Consumer Financial Protection Bureau's web site at www.consumerfinance.gov/learnmore.

| FILE # | 1459364 | FNMA # | | DATE COMPLETED | 2/26/2018 | RQD' BY | JAY HEDJAZI |
|---|---|---|---|---|---|---|---|
| SEND TO | LEGENDARY LENDING, INC. DBA AMERICAN FUNDING | | | DATE ORDERED | 2/26/2018 | | |
| | CUST. # 3998 | | | REPOSITORIES | XP/TU/EF | PRPD' BY | |
| | 120 NEWPORT CENTER DR | | | PRICE | | LOAN TYPE | |
| | NEWPORT BEACH, CA 92660 | | | REF. # | SJHEDJAZI | | |

**PROPERTY ADDRESS**

| APPLICANT | | CO-APPLICANT | |
|---|---|---|---|
| APPLICANT | HEDJAZI, SOHAIL JAY | CO-APPLICANT | |
| SOC SEC # | XXX-XX-7774   DOB  XX/XX/1962 | SOC SEC # | DOB |
| MARITAL STATUS | UNMARRIED | DEPENDENTS | |

## TRADE SUMMARY

| | # | BALANCE | HIGH CREDIT | PAYMENTS | PAST DUE |
|---|---|---|---|---|---|
| MORTGAGE | 1 | 0 | 0 | 0 | 0 |
| AUTO | 4 | 29695 | 91265 | 1590 | 1326 |
| EDUCATION | 0 | 0 | 0 | 0 | 0 |
| OTHER INSTALLMENT | 2 | 291 | 750 | 272 | 0 |
| OPEN | 0 | 0 | 0 | 0 | 0 |
| REVOLVING | 10 | 5576 | 5027 | 112 | 5576 |
| OTHER | 1 | 90 | 70 | 0 | 90 |
| TOTAL | 18 | 35652 | 97112 | 1974 | 6992 |

| | | | |
|---|---|---|---|
| SECURED DEBT | 29695 | OLDEST TRADELINE | 08/06 |
| UNSECURED DEBT | 5957 | DEBT/HIGH CREDIT | 206% |

## DEROGATORY SUMMARY

| CHARGE OFFS: | ■ | 30 DAYS: | ■ | INQUIRIES: | ■ |
|---|---|---|---|---|---|
| COLLECTIONS: | ■ | 60 DAYS: | ■ | MOST RECENT LATE: | undetermined |
| BANKRUPTCY: | ■ | 90 DAYS: | ■ | DISPUTES: | ■ |
| PUBLIC RECORDS: | ■ | OTHER: | | | |

## SOURCE OF INFORMATION

1  EXPERIAN - PULLED ON: 02/26/18
   NAME: SOHAIL J HEDJAZI 573437774 DOB: 04/01/62
   NAME: JAY HEDJAZI 573437774 DOB: N/A
   NAME: SOHAIL JAY 573437774 DOB: N/A
   NAME: SOHAIL T HEDJAZI 573437774 DOB: N/A
   NAME: JOY HEDJAZI 573437774 DOB: N/A
   NAME: SOHAIL JAY DOROSTIAN 573437774 DOB: N/A
   SSN: 573437774
   ADDRESS: 9 PAINE CIR, IRVINE, CA 92614-6651 - REPORTED 06/90 - 01/18
   ADDRESS: 25 MAUCHLY, IRVINE, CA 92618-2332 - REPORTED 03/99 - 12/00
   ADDRESS: 9 9 PAINE CIR, IRVINE, CA 92614 - REPORTED 08/15
   EMPLOYER: LOGIC DOMAIN/24422 AVENDIDA DE LA CARL, LAGUNA HILS CA - REPORTED 11/91
   EMPLOYER: LOGIC DOMIAN// - REPORTED 01/11
2  TRANSUNION - PULLED ON: 02/26/18 - INFILE DATE: 12/01/80
   NAME: SOHAIL JAY HEDJAZI
   NAME: HEDJAZI,JAY
   NAME: HEDJAZI,XXXXX,T
   NAME: HEDJAZI,SOHAILJAY
   NAME: DOB: 12/25/61
   SSN: 573437774
   ADDRESS: 9 PAINE CI, IRVINE, CA 92614-6651 - REPORTED 06/93
   ADDRESS: 22622 LAMBERT ST #T304, LAKE FOREST, CA 92630-1609 - REPORTED 05/93
   ADDRESS: 25766 VIA LOMAS #T93, LAGUNA BEACH, CA 92653-1018 - REPORTED 02/07
   EMPLOYER: LOGIC DOMAIN/PRINCIPLE SENIOR EXEC/ - REPORTED 07/88
   EMPLOYER: LOGIC DOMAIN/SOFTWARE ENG/
3  EQUIFAX - PULLED ON: 02/26/18 - INFILE DATE: 12/29/82
   NAME: SOHAIL JAY HEDJAZI DOB: 04/09/62
   NAME: JAY HEDJAZI

**ECOA KEY: B=BORROWER; C=CO-BORROWER; J=JOINT; U=UNDESIGNATED; A=AUTHORIZED USER; P=PARTICIPANT; S=CO-SIGNER**

**CLEAR CHOICE CREDIT CORP: 1182 MARKET STREET, SUITE 318, SAN FRANCISCO, CA 94102 (P) (415)-252-2888 (F) (415) 252-2822**
The information is furnished in response to an inquiry for the purpose of evaluating credit risks. It has been obtained from sources deemed reliable, the accuracy of which this organization does not guarantee. The inquirer has agreed to indemnify that reporting bureau for any damage arising from misuse of this information, and this report is furnished in reliance upon that indemnity. It must be held in strict confidence and complies with the provisions of Public Law 91-508, the Fair Credit Reporting Act. Reporting bureau certifies that all Residential Mortgage Credit Reports meet the standards prescribed by FNMA, FHMC, FHA, VA and the Farmers Home Administration.

# EXHIBIT -C-

## CASE NO:

## Notice of Trustee Sale filed with Orange County Recorders

[RECORDING REQUESTED BY]
**LAW OFFICES OF LES ZIEVE**

[WHEN RECORDED MAIL TO:]
**Zieve, Brodnax & Steele, LLP**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**

---

T.S. No. 15-38491                     APN: 447-071-56        [SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

# NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/5/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **SOHAIL JAY HEDJAZI AND DIANE DOROSTIAN HEDJAZI, HUSBAND AND WIFE AS JOINT TENANTS**
Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE  Deed of Trust recorded 5/16/2006, as Instrument No. 2006000328376, in Book --, Page --, of Official Records in the office of the Recorder of Orange County, California,
Date of Sale:**5/8/2018 at 9:00 AM**
Place of Sale:      Auction.com Room, Doubletree by Hilton Hotel Anaheim – Orange County, 100 The City
                    Drive, Orange, CA 92868



Estimated amount of unpaid balance and other charges: **$984,086.55**
Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of      **9 PAINE CIRCLE**
real property:                                     **IRVINE, CA 92614**
Described as follows:
 Lot 91 of Tract No. 6786, in the City of Irvine, County of Orange, State of California, as per Map Recorded in Book 285, Pages 3 to 5 inclusive of Maps, in the Office of the County Recorder of said County. Except therefrom all oil, gas, minerals and other hydrocarbon substances, lying below a depth of 500 feet, without the right of surface entry, as reserved in Instruments of Record.

A.P.N #.: **447-071-56**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale.  If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (800) 280-2832 or visit this Internet Web site www.auction.com, using the file number assigned to this case 15-38491.  Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site.  The best way to verify postponement information is to attend the scheduled sale.

Dated:  4/4/2018        **LAW OFFICES OF LES ZIEVE, as Trustee**
                        **30 Corporate Park, Suite 450**
                        **Irvine, CA 92606**
                        **For Non-Automated Sale Information, call: (714) 848-7920**
                        **For Sale Information: (800) 280-2832   www.auction.com**

                        **Andrew Buckelew, Trustee Sale Assistant**

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAINED WILL BE USED FOR THAT PURPOSE

# EXHIBIT -D-

CASE NO:

## The beginning 3 pages to the Deed of Trust

RECORDING REQUESTED BY
UNITED TITLE COMPANY
72060653 JCH

Recording Requested By:
A. SHEA

RECORDING REQUESTED BY
UNITED CAPITAL TITLE
INSURANCE COMPANY

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
TINA YE

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||   81.00

**2006000328376 01:26pm 05/16/06**
117 B D11 26

0.00 0.00 0.00 0.00 76.00 0.00 0.00 0.00

———————————— [Space Above This Line For Recording Data] ————————————

72060653                          00013440648605006
[Escrow/Closing #]                 [Doc ID #]

# DEED OF TRUST

MIN 1000157-0006643709-2

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated  MAY 05, 2006         , together with all Riders to this document.

**(B) "Borrower"** is
SOHAIL JAY HEDJAZI, AND DIANE DOROSTIAN HEDJAZI, HUSBAND AND WIFE AS JOINT TENANTS

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
Page 1 of 16
-6A(CA) (0207)   CHL (08/05)(d)   VMP Mortgage Solutions, Inc. (800)521-7291          Form 3005  1/01
CONV/VA





DOC ID #: 00013440648605006

Borrower's address is
9 PAINE CIRCLE, IRVINE, CA 92614-6651
Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is
COUNTRYWIDE HOME LOANS, INC.
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613
**(D) "Trustee"** is
RECONTRUST COMPANY, N.A.
MSN TO-02 225 WEST HILLCREST DRIVE, THOUSAND OAKS, CA 91360
**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F) "Note"** means the promissory note signed by Borrower and dated   MAY 05, 2006           . The Note states that Borrower owes Lender
SIX HUNDRED FIFTY THOUSAND and 00/100

Dollars (U.S. $ 650,000.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   JUNE 01, 2036         .
**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(M) "Escrow Items"** means those items that are described in Section 3.
**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

DOC ID #: 00013440648605006

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY          of          ORANGE          :

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 447-071-056          which currently has the address of

9 PAINE CIRCLE, IRVINE

[Street/City]

California 92614-6651 ("Property Address"):

[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

# EXHIBIT -E-

CASE NO:

## BK Proof of claim on the alleged debt

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate Instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Number: | 1712714 |
| Debtor 1: | Sohail Jay Hedjazi |
| Debtor 2: | |
| Last 4 digits to identify: | 7201 |
| Creditor: | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE |
| Name: | Shellpoint Mortgage Servicing |
| Fixed accrual/daily simple interest/other: | Other |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | $650,000.00 |
| Interest due: | $251,247.54 |
| Fees, costs due: | $10,799.59 |
| Escrow deficiency for funds advanced: | |
| Less funds on hand: | |
| Total debt: | $961,949.68 |

## Part 3: Arrearage as of the Date of the Petition

| | |
|---|---|
| Principal & interest due: | $366,072.28 |
| Prepetition fees due: | $10,799.59 |
| Escrow deficiency for funds advanced: | $49,902.55 |
| Projected escrow shortage: | $2,209.83 |
| Less funds on hand: | $0.00 |
| Total prepetition arrearage: | $428,984.25 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | $3,361.42 |
| Monthly escrow: | $441.98 |
| Private mortgage insurance: | $0.00 |
| Total monthly payment: | $3,803.40 |

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3656.25 | | 3656.25 | Regular Payment | 5/1/08 | 3656.25 | | | | | | 650000.00 | | | 1252.05-7500.00 | |
| 6/23/08 | 3656.25 | | 3656.25 | Regular Payment | 6/1/08 | 7312.50 | | | | | | | | | | |
| | | | -9.00 | Recording Cost | 2/1/08 | | | | | -9.00 | | | 0.02 | | 1261.05 | |
| 7/1/08 | 3656.25 | | 3656.25 | Regular Payment | 7/1/08 | 10968.75 | | | | | | | | | | |
| | | | -917.00 | Title Cost | 2/1/08 | | | | | -917.00 | | | | | 2178.05 | |
| 7/30/08 | -5000.00 | | | Tax Bill 1 Disburse | 2/1/08 | | | | -5000.00 | | | | | -4999.98 | | |
| 7/30/08 | -3610.07 | | | Tax Bill 1 Disburse | 2/1/08 | | | | -3610.07 | | | | | -8610.05 | | |
| | 3656.25 | | 3656.25 | Regular Payment | 8/1/08 | 14625.00 | | | | | | | | | | |
| | 3656.25 | | 3656.25 | Regular Payment | 9/1/08 | 18281.25 | | | | | | | | | | |
| | 3656.25 | | 3656.25 | Regular Payment | 10/1/08 | 21937.50 | | | | | | | | | | |
| | 3656.25 | | 3656.25 | Regular Payment | 11/1/08 | 25593.75 | | | | | | | | | | |
| 11/28/08 | -1831.29 | | | Tax Bill 1 Disburse | 2/1/08 | | | | -1831.29 | | | | | -10441.34 | | |
| | 3656.25 | | 3656.25 | Regular Payment | 12/1/08 | 29250.00 | | | | | | | | | | |
| | 3656.25 | | 3656.25 | Regular Payment | 1/1/09 | 32906.25 | | | | | | | | | | |
| | 3656.25 | | 3656.25 | Regular Payment | 2/1/09 | 36562.50 | | | | | | | | | | |
| | 3656.25 | | 3656.25 | Regular Payment | 3/1/09 | 40218.75 | | | | | | | | | | |
| 3/19/09 | -1831.29 | | | Tax Bill 1 Disburse | 2/1/09 | | | | -1831.29 | | | | | -12272.63 | | |

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>SHELLPOINT MORTGAGE SERVICING<br>P. O. BOX 10826<br>GREENVILLE, SC 29603-0826<br>800-365-7107 | *Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901<br><br>**2017**<br>Form **1098** | **Mortgage Interest Statement** |
|---|---|---|---|
| | 1 Mortgage interest received from payer(s)/borrower(s)*<br>$                    0.00 | | Copy B<br>For Payer/<br>Borrower |
| PAYER'S/BORROWER'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code<br><br>8-811-03187-0001291-001-1-000-010-000-000<br>SOHAIL JAY HEDJAZI<br>DIANE DOROST HEDJAZI<br>9 PAINE CIR<br>IRVINE CA 92614-6651 | 2 Outstanding mortgage principal as of 1/1/2017<br>$       650,000.00 | 3 Mortgage origination date<br><br>2006-05-05 | The information in boxes 1 through 10 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points, reported in boxes 1 and 6, or because you didn't report the refund of interest (box 4), or because you claimed a non-deductible item. |
| | 4 Refund of overpaid interest<br>$ | 5 Mortgage insurance premiums<br>$ | |
| | 6 Points paid on purchase of principal residence<br>$ | 7 Is address of property securing mortgage same as PAYER'S/BORROWER'S address?<br>If Yes, box is checked . . . .<br>If No, see box 8 or 9, below  ☐ | |
| | 8 Address of property securing mortgage<br>9 Paine Circle<br>Irvine CA 92614 | | |
| | 9 If property securing mortgage has no address, below is the description of the property | | |
| | 10 Number of mortgaged properties | 11 Other 4,148.16<br>TAXES PD | Account number (see instructions)<br>0515397201 |
| | PAYER'S/BORROWER'S taxpayer identification no.<br>XXX-XX-7774 | | RECIPIENT'S/LENDER'S federal identification no.<br>37-1542226 |

Form **1098**          (Keep for your records)          www.irs.gov/form1098          Department of the Treasury - Internal Revenue Service

**(THIS SECTION INTENTIONALLY LEFT BLANK)**

# EXHIBIT -F-

CASE NO:

## Email chain for proposed resolution

4/30/2018                                          Gmail - Contact information

# Gmail                      **Spirell 121 <jayhedjazi@gmail.com>**

---

## Contact information

**Spirell 121 <jayhedjazi@gmail.com>**                          Thu, Feb 8, 2018 at 5:41 PM
To: Christine Lee <clee@yumollp.com>
Bcc: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Jay Hedjazi <jay@logicdomain.com>

To: Christine Lee

From: Sohail Jay Hedjazi

Re: Civil Case # 30-2017-00959338

Subject: Resolution proposal

Dear Attorney Lee:

Per our discussion earlier on the phone, I'd like to propose a resolution to my complaint against your client.  With this email,
I propose that I put the house in the market for sale to pay off the security instrument on my property located at 9 Paine
Circle, Irvine, CA 92614. The secured amount on the deed is $650,000 and upon sale of my property, I'm committing in
paying the security instrument off with no other cost associated.

Upon agreement from your client and stipulation for a 30 day extension, I'll work out the detail of the sale with yourself.


Please consult with your client and let me know as soon as possible and by no later than tomorrow 2/9/2018 before 12pm
PST.



Regards,


Sohail Jay Hedjazi


[Quoted text hidden]

 Gmail                                    **Spirell 121 <jayhedjazi@gmail.com>**

## Contact information

**Christine Lee <clee@yumollp.com>**                                    Fri, Feb 9, 2018 at 10:07 AM
To: Spirell 121 <jayhedjazi@gmail.com>

Dear Jay,

At this time, our client declines to accept your proposal.

Thank you,

Christine Lee

**YU | MOHANDESI** LLP

633 West Fifth Street, Suite 2800

Los Angeles, CA 90071

213.418.9342 Direct

This email, along with attachments, is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purpose, or disclose its contents to any other person. Thank you for your cooperation.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Spirell 121 <jayhedjazi@gmail.com>
**Date:** Friday, February 9, 2018 at 8:48 AM
**To:** Christine Lee <clee@yumollp.com>
**Subject:** Re: Contact information

[Quoted text hidden]

# EXHIBIT -G-

CASE NO:

## MERS statement showing Plaintiffs Deed of Trust as being inactive

4/20/2018

MERS® ServicerID - Results

# MERS ServicerID

**www.mers-servicerid.org**

## The Mortgage Industry's Utility

**1 record matched your search:**

MIN: 1000157-0006643709-2    Note Date: 05/05/2006    MIN Status: Inactive

Servicer: Bank of America, N.A.                        Phone: (800) 669-6607
        Simi Valley, CA

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

Return to Search

For more information about Mortgage Electronic Registration Systems, Inc. (MERS) please go to www.mersinc.org

Copyright© 2018 by MERSCORP Holdings, Inc.